## HOLLAND v. UNION COUNTY.

1. **Practice in Supreme Court:** PERTINENCY OF INSTRUCTIONS: PRESUMPTION IN FAVOR OF LOWER COURT. Where the abstract showed that there were issues, but failed to show what they were, and showed, also, that instructions were given, some of which stated the issues, but such as stated the issues were not set forth in the abstract, and the correctness of other instructions which were set forth was questioned on the ground that they were not pertinent to the issues, *held* that, while this court cannot say what the issues were, it must presume that they were such as justified the instructions complained of.

2. **County:** LIABILITY ON CONTRACT FOR BUILDING BRIDGE ON DEFECTIVE PLAN: WHO RESPONSIBLE FOR PLAN: EVIDENCE. In an action for the contract price for building a county bridge, where the bridge proved worthless on account of the defective plan on which it was built, *held* that there was sufficient evidence (see opinion) to justify the jury in rendering a verdict for the plaintiff on the ground that the county was responsible for the plan.

*Appeal from Adams District Court.*

THURSDAY, DECEMBER 17.

ACTION to recover upon a contract for building a bridge. There was a trial to a jury, and verdict and judgment were rendered for the plaintiff. The defendant appeals.

*McDill & Sullivan* and *J. M. Milligan*, for appellant.

*N. W. Rowell*, for appellee.

ADAMS, J.—What the issues were in this case the record before us does not very distinctly show. The petition, as set out in the abstract, contains no averment that the plaintiff built a bridge for the defendant, or did anything else in pursuance of any contract with the defendant. It merely shows that the plaintiff entered into a contract to build a bridge, without any averment of performance. It does not even show whether the plaintiff was to build a bridge according to a given plan, or whether he was to build a good and suitable bridge. The answer contains a general denial, but admits a contract for building a bridge. So far as the petition and answer set out in the abstract show, there was no issue made by the same upon which the parties could have gone to trial. When we look to the instructions to discover what the issues were, we find that the abstract does not aid us. It merely shows that the issues were stated to the jury in instructions numbered 1, 2, 3 and 4; but those instructions are wholly omitted from the abstract. We have, then, an abstract which shows affirmatively that there were issues, but which fails to show, except by mere inference, what those issues were. The errors assigned pertain to a question as to the correctness of one instruction given, and to a question as to the sufficiency of the evidence to support the verdict. It is manifest that we cannot determine such questions in ignorance of the issues. The condition of the record being such as it is, we might perhaps be justified in dismissing the appeal. But, upon looking into the evidence introduced and the instructions given, we have to say that the principal, if not the whole, question controverted appears to have been as 'to who was responsible for the plan upon which the bridge was built. It is undisputed that the bridge was an utter failure. It began to fall before it was completed. But there was no defect, so far as the evidence shows, in the workmanship, and we do not understand that the county claims in argument that there was any defect in that respect. The

*Margin note: 1. PRACTICE in supreme court: pertinency of instructions: presumption in favor of lower court.*

trouble was in the plan. It ought never to have been adopted. Both parties regard it as unsuitable.

But the parties differ as to who was responsible for it. This was the real question which was tried below, and we think that we are justified in assuming that it arose upon the pleadings. The plaintiff, we think, must have averred the performance of something as a ground of recovery. We say so because the defendant did not demur to the petition, but answered by general denial, as if the averments undenied would entitle the plaintiff to recovery. Now, we cannot think that he averred that he built a suitable or sufficient bridge, because such was unquestionably not the fact, and he does not pretend that he did. His pretense is that his con-tract was merely to build the bridge according to a given plan, and that such contract he has performed. We think that he must have so averred in substance. We can con-ceive of nothing else as probably averred which would prop-erly have called for a denial on the part of the defend-ant. An instruction was drawn up on the theory that there was in substance such an issue, and, as the abstract shows that there were issues which are not disclosed, we must assume that there was an issue which made the instruction pertinent. The instruction to which we refer is the one num-bered 7. It submitted the question as to whether the plan upon which the bridge was built "had been approved and adopted by the board of supervisors, or its duly-authorized agent." The undisputed evidence shows that a plan had been drawn, and bids had been solicited for building the bridge according to that plan, and that the plaintiff's con-tract was to build the bridge according to that plan. But the evidence was such as to leave the question doubtful as to whether the plan was one of his adoption, or of the board, acting through its agent. The word "adopted," as used in the instruction, was manifestly used to denote the assumption of responsibility. It seems to us that it was appropriately used, and that the jury must have understood it in the way in

which it was intended to be understood. If the board, through its agent, assumed the responsibility of the plan, then the plaintiff's theory, and the only theory upon which the case was tried upon his part, was sustained.

The objection which the defendant urges to the instruction is that there was no issue to which it was pertinent. But, as we have already endeavored to show, the petition and answer as set out in the abstract make no issue upon which the case could have been tried; and, as the court gave four instructions stating what the issues were, but which instructions are not set out, we must assume that there were issues which the pleadings, as abstracted, do not show, and that those issues embraced the real question which appears by the evidence to have been controverted on the trial. Under these circumstances, then, we are not justified in saying that the instruction was not pertinent.

The defendant insists, however, that there is no evidence which justified the instruction. The jury must have found that there was, but the defendant insists that the verdict is without support. In our opinion there was evidence which made the instruction proper; and, if we are correct in this, it follows that the verdict is not without support.

The court, by the instruction given, employed that mode of submitting the question as to who assumed the responsibility of the plan. It must have been adopted by one party or the other, and the determination of the party who adopted it, or assumed the responsibility of it, was the turning point in the case. The plaintiff admits that he believed that a bridge built upon the plan would be suitable and sufficient, and gave the board and its agent his opinion to that effect. But he testified, in substance, that he had doubts about it, and that, having doubts about it, he advised against its adoption. It is true that one of the supervisors testified that he guarantied the plan; but the plaintiff testified that he did not, but expressly refused to guaranty it; and so, on that point, there

2. COUNTY: liability on contract for building bridge on defective plan: who responsible for plan: evidence.

was a conflict. It is true that it is undisputed that the plaintiff *drew* the plan; but it is equally undisputed that stringent conditions were imposed upon him in drawing it, and that is that the plan should admit the use of certain old material, and that this imposed condition was what rendered the plan unsuitable, because it did not give the span sufficient height of truss. It is undisputed, also, that a question was raised and considered by the parties as to the sufficiency of the height of the truss; and according to the plaintiff's testimony that was what caused him to advise against the adoption of the plan, and in favor of a different plan, though the latter would exclude the use of the old material and make a more expensive bridge. The board seems to have been very desirious of using the old material, and indisposed to entertain any plan which would exclude it. While it is true, as we have seen, that the plaintiff drew the plan, yet it is also true that it was not drawn as a part of the contract by which the work was let, because, before the work was let, the plan was taken away by the board, and used as its own property in an attempt to get other bridge-builders to bid for the work of building the bridge according to it.

It may be admitted that there is no evidence that the plan was formally adopted by the board. But the board had committed the matter of contracting for the building of this bridge to one of their number, by the name of Hudson. Whatever contract was made was made through Hudson, and no question is raised by counsel in respect to his authority. Besides, it appears that the board did formally recognize Hudson's contract by ordering a payment of the larger part of it during the progress of the work. In our opinion the judgment of the district court should be

Affirmed.