CHARLES DUNCAN *vs.* FRANK R. CORDLEY & another.

Suffolk.     March 9, 1908. — June 16, 1908.

Present: KNOWLTON, C. J., MORTON, HAMMOND, LORING, & BRALEY, JJ.

*Contract*, Construction, Performance and breach.

A contractor has done all that is required of him under a contract whereby for a certain sum he agreed with the owner of a tract of land " to fill " two streets thereon to a certain level and finish them ten feet wide at the top, the materials for the construction to be taken from the owner's land and the work to be completed by a certain date, when he has so filled and finished the streets in a workmanlike manner within the time set ; and the fact that, thereafter, through no fault of his, the surfaces of the streets settle below the prescribed level, does not affect his right to recover the contract price for the work.

CONTRACT to recover a balance alleged to be due to the plaintiff from the defendants, trustees of the Crescent Land Company, for the construction of two streets, as stated in the opinion. Writ in the Municipal Court of the City of Boston dated December 20, 1905.

On appeal to the Superior Court, there was a trial before *Pierce*, J. The agreement between the parties was stated in the following two letters: Letter from the plaintiff to the treasurer of the Crescent Land Company: " Roxbury, June 28, 1904. Dear Sir: Confirming our conversation of to-day over the telephone I will say that I hereby agree to fill the two streets as

shown in the plan and find the material on the ground, it being agreed that the finished streets to be ten feet wide in the top for the sum of $805. Your proposition to deposit the $805 in the National Rockland Bank is satisfactory to me." Letter from the treasurer of the Crescent Land Company to the plaintiff: " Dear Sir: I am in receipt of your letter of the twenty-eighth inst., and accept your bid of $805 to complete the two North and South Streets as shown on the plan of the Crescent Land Company's property. The two streets are to be built up to the level of Commonwealth Ave., and finished ten feet wide at the top. The material for the construction to be taken from the Company's property, and the work to be completed on or before July 20th, 1904. In accordance with our understanding I have today sent to the National Rockland Bank, a check for $805, proceeds of which are to be paid you upon completion of the contract as above."

Other facts are stated in the opinion.

At the close of the evidence, the presiding judge refused to direct a verdict for the defendants, and they excepted.

*H. R. Bailey*, for the defendant Rollins.

*A. Berenson*, for the plaintiff.

MORTON, J. This is an action upon a written contract to recover the balance alleged to be due for building two streets on land of the Crescent Land Company in Boston. The streets were to be built up to the level of Commonwealth Avenue, and when finished were to be ten feet wide at the top. The material was to be taken from the company's land and the work was to be completed on or before July 20, 1904. There was a verdict for the plaintiff, and the case is here on exceptions by the defendants to the refusal of the presiding judge to rule that on all the evidence the plaintiff was not entitled to recover. The case was submitted to the jury under the instructions not otherwise objected to.

The only question is whether the streets were completed according to the contract. The jury must have found that they were, and we do not see how it could have been ruled as matter of law that they were not. There was testimony tending to show that they were built up to the level of Commonwealth Avenue and finished ten feet at the top as required by the con-

tract, but that afterwards, owing to the nature of the land on which it was built and perhaps to the action of the elements, one of them settled so that it was below the stipulated level. The defendant contends in effect that the plaintiff was bound to fill it up again and to keep filling it up as often as it settled until it remained permanently at the level contracted for, and that, because he did not do so, he did not perform his contract and is not entitled to recover. But all that the contract required the plaintiff to do was to build the streets to the level of Commonwealth Avenue and finish them ten feet on top, and, when he had done that, he had performed all that the contract called for. If one of the streets afterwards settled owing to the nature of the land on which it was built, or the action of the elements, the plaintiff was not responsible therefor, and was not bound to fill the street up again. If the street had settled during the process of construction, the plaintiff would have had to keep filling it in until he brought it up to the required level. But, after it was once completed, as the jury have found that it was, his obligations under his contract were ended. Cases like *Dermott* v. *Jones,* 2 Wall. 1, relied on by the defendants. and *Adams* v. *Nichols,* 19 Pick. 275 are not applicable.

*Exceptions overruled.*