## H. L. BIEGERT v. VILLAGE OF MAYNARD.[1]

June 13, 1913.

Nos. 18,114—(110).

**Verdict sustained by evidence.**
     1. Evidence considered and *held* to sustain a verdict for defendant.

**Rulings of court.**
     2. There was no prejudicial error in the rulings on the admission of evidence or in the charge.

Action in the district court for Chippewa county to recover $396 for work, labor and material furnished in building two bridge piers. The answer alleged payment to plaintiff of the agreed contract price for the construction of the piers and in full for extra work and material furnished, and denied the allegations of the complaint. The case was tried before Qvale, J., who denied defendant's motion to direct a verdict in defendant's favor and a jury which returned a verdict in favor of defendant. From an order denying plaintiff's motion for judgment notwithstanding the verdict or for a new trial, it appealed. Affirmed.

*A. E. Kief,* for appellant.

*Fosnes & Fosnes,* for respondent.

BUNN, J.

Plaintiff was the successful bidder for the construction of six bridges to cross a county ditch on roads in the vicinity of defendant vil-

[1] Reported in 142 N. W. 20.

lage. The ditch had been established and surveyed, but not actually dredged out. His written proposal to construct these bridges for a price of $2,900 was accepted in writing by the village council and the county commissioners. This contract provided for the building of the bridges according to specifications attached. The specifications as to the two bridges involved in this action were as follows:

"1 bridge with 24 ft. stringers, 20 ft. plank, with 28 ft. piers 3 ft. wide at bottom, 1½ ft. at top and 12 ft. high."

"1 bridge 24 foot stringers 16 ft. plank, 24 ft. pier, 12 ft. high, and 3 ft at bottom and 1½ ft. top."

The contract sheds no light on the meaning of these specifications, and contains no additional information as to the width of the bridges, the angle at which they should cross the ditch in case the roads crossed it diagonally, or as to whether the piers for the bridges should be constructed before or after the dredge had gone through the ditch.

At the time the contract was entered into or shortly thereafter, the line of the ditch, as it was planned to cross the highway near the village, was staked out, but the dredge was not expected there for some time, as it was still a mile away from the village. Plaintiff claimed that it was agreed, at or before the time of the execution of the written contract, that he might build the piers before the dredge went through. He did so, with the consent of the members of the village council and the engineer who had charge. In constructing these piers, which were of concrete, and were to form the supports on either side on which the stringers were to rest, plaintiff did not erect them at right angles with the highways, when the highways crossed the line of the ditch diagonally, but followed the line of the ditch. It was seen by the engineer that, under this method of placing the piers, if the 24-foot stringers were used, there would not be sufficient distance between the piers to enable the dredge to pass through. Plaintiff substituted 30-foot stringers. After the piers for these two bridges were constructed, the dredge came along and was unable to pass between the piers, the distance between the two piers for each bridge being less than the width of the dredge. It therefore became necessary to blow out one pier at each bridge to enable the dredge to perform its work.

After this plaintiff and defendant entered into a contract in which, after reciting that a dispute had arisen as to which party should pay the cost of rebuilding the piers so destroyed, it was agreed that plaintiff should immediately rebuild the piers and complete the two bridges, that defendant should pay plaintiff all money due him under the original contract, and that the question of who should pay the cost of rebuilding the piers should be left open.

Plaintiff thereupon rebuilt the two piers, completed the bridges, and brought this action to recover the value of the labor and material furnished in the reconstruction of the piers. The issues in the case were submitted to a jury and a verdict for defendant returned. Plaintiff appeals from an order denying his motion for a new trial.

The ultimate question in the court below was this: Whose fault was it that made necessary the reconstruction of the two piers? This depends upon whether plaintiff or defendant was to blame for their original construction in such a manner that the dredge could not pass between them. Plaintiff's first contention here is that the verdict finding that it was his fault has no support in the evidence, or at least so little support that we should reverse the order refusing a new trial. The case is somewhat puzzling to us because of our unfamiliarity with this sort of problem. But unless we wholly misunderstand the situation, the question was for the jury, and the verdict is supported by the evidence.

It is conceded that both parties understood that each bridge was to have a 16 foot driveway. R. L. 1905, § 1195. In the case of the second bridge, the specifications call for 16 foot planking; in the case of the first bridge, 20 foot planking was specified. It is apparent that to make a 16 foot driveway with 16 foot planks, the planking would have to run at right angles with the stringers, and the piers would also have to be built at right angles with the road, instead of parallel with the line of the ditch. To make a 16 foot driveway with 20 foot planks, the planks would necessarily be laid at an angle across the stringers, and the piers would not be at right angles with the road. It is conceded that at the angle the piers were placed by plaintiff, the 20 foot planks did not make a 16 foot driveway on this bridge, and that the piers for the other bridge were placed

at such an angle that the 16 foot planks did not make a driveway 16 feet in width. It is clear, we think, though it may not be clearly expressed here, that the specifications, incomplete as they were, provided how the piers for both bridges should be placed with reference to whether they should be at right angles with the road, on a line with the ditch, or at some intervening angle. This was done by specifying the length of the planking, the width of the driveway contemplated being admitted. It was testified by the engineer, who had charge of the construction for the village, that, had the piers been constructed at the angles provided by the specifications, the distance between the piers of both bridges was sufficient so that the dredge could have gone through. This is a proposition in mathematics, and it may be demonstrated that the conclusion is correct. It follows that plaintiff did not place the piers according to his contract, and that this was what made it necessary to blow out the two piers and afterwards reconstruct them. Unless defendant, through the members of its council, authorized the placing of the piers at the angles with the highways where plaintiff placed them, the conclusion would follow that plaintiff and not defendant should stand the loss.

The trial court instructed the jury that it was an established fact that neither one of the bridges was constructed at the angle contemplated by the parties when they entered into the contract, and submitted for their decision the question whether defendant authorized a change in the contract in this respect. We think that the instruction was correct, and that the jury was warranted in deciding the issue submitted to them in favor of defendant. There can be little doubt that plaintiff knew or should have known what clearance distance between the piers was necessary, and in deviating from the contract he took his chances. He might have delayed building the piers until after the ditch was dug; if he chose to do it before, it was his duty to see that his work was so done as to comply with the specifications and to leave room between the piers for the dredge to pass. It is true that the engineer in charge of the ditch, after he found that plaintiff was building the piers before the dredge went through and observed that the pier already constructed followed the line of the ditch, saw that the dredge could not go through if 24 foot

stringers were used as provided by the specifications, and it is true that 30 foot stringers were substituted by plaintiff, at the order of the engineer, and with the knowledge of one or more members of the council. But this does not show conclusively that defendant authorized the placing of the piers at the angles they were constructed.

We have examined the alleged erroneous rulings on the trial, and the instructions to the jury complained of. We are satisfied that there was no prejudicial error.

Order affirmed.