## RACHEL A. BREEN v. A. P. CAMERON.[1]

April 20, 1916.

Nos. 19,650, 19,699—(68, 69).

**Mechanic's lien — findings construed.**

1. In an action to foreclose a mechanic's lien the findings are construed to *hold:*

(a) That the subcontractor of the general contractors of the defendant owner completed its contract, which consisted of the construction of a tile roof, according to its terms.

(b) That the subcontractor was negligent in constructing the roof upon a defective concrete base constructed by the general contractors; and that the defects which afterward appeared in the roof were caused by the defective base.

**Same — finding sustained by evidence.**

2. The evidence sustains the finding that the subcontractor completed its contract according to its terms and that the defects afterwards appearing in the roof were caused by the defective base.

**Performance of subcontract — negligence of subcontractor.**

3. The subcontractor constructed the roof upon the concrete base constructed by the general contractors and under their supervision and at their direction; and the finding that the subcontractor was negligent in putting the roof upon a defective base is not supported by the evidence.

**Appeal to supreme court — finding of fact amended, when.**

4. The general rule is that this court cannot make nor direct specific findings of fact; but where the issue has been completely tried, and all the evidence upon which the finding must be made is before the court, and from it but one finding can be made, an erroneous finding is amendable as a matter of law, and an amendment will be directed without a retrial.

**Modification on appeal — absence of necessary party to the appeal.**

5. A judgment affecting a party to the action who is not a party to the appeal cannot be reversed or modified as to such party.

Action in the district court for Ramsey county to recover $2,359 from the partners doing business as Cameron & Company and to foreclose a mechanic's lien for the same. The case was tried before Kelly, J., who

[1] Reported in 157 N. W. 500.

made findings and ordered judgment in favor of Scribner-Libby Company for $2,095 against defendants Cameron and decreed a foreclosure. From the judgment entered pursuant to the order for judgment, defendants Cameron and defendant Scribner-Libby Company appealed. Reversed.

*C. D. & R. D. O'Brien and O'Brien, Young & Stone,* for appellants.

*Boyeson & Flor,* for respondent.

DIBELL, C.

Action to foreclose a mechanic's lien. The claim of the plaintiff is not involved. The defendant Scribner-Libby Company was a subcontractor of Cameron & Company, who were the general contractors of the defendant Ford Motor Company, the owner. The Scribner-Libby contract covered the construction of the tile roof of the Ford building. The court found that the Cameron company were indebted to the Scribner-Libby Company for labor and materials furnished upon this contract, adjudged the amount due a lien upon the Ford company property, and made the usual provision for execution against the Cameron company. Judgment was entered. The Scribner-Libby Company and the Cameron company appeal. The Ford company does not appeal and it is not a party respondent on either of the appeals.

1. The findings are in some respects uncertain, but the difficulty of construction yields to a careful consideration. The court finds that the Scribner-Libby Company completed its contract as it alleges in its answer, that is, according to its terms. It then finds, and the evidence is not in dispute, that the Cameron company constructed the concrete base or foundation upon which Scribner-Libby Company laid the roof; that this base was soft and damp and because of such condition was liable to be affected by change of temperature; that the work of construction was done in the months of February and March; that the tile roof settled in various places and did not maintain the level or grade at which it was constructed; that Scribner-Libby Company and Cameron & Company knew of the condition of the concrete foundation when the tile roof was laid; that the settling of the roof was due to the negligence of both defendants, and that because of such defects the value of the building was lessened in the sum of $900. One-half of this amount was

deducted from the claim of the subcontractor and it recovered the balance. The reasonable construction of the findings is that the subcontractor completed its contract according to its terms, and that its negligence consisted in putting its work upon a defective concrete base, built by the general contractors, with knowledge of the defective condition— not in the method of doing its work.

2. The finding that the subcontractor constructed the tile roof in accordance with its contract is supported by the evidence. The evidence is substantially conclusive. The finding that the defects which afterwards arose came because of the defective foundation is supported by evidence of like probative effect.

3. The finding that the subcontractor was negligent is without evidence to support it. The claim is that it should not have placed the tile roof upon the defective base. The evidence is, and it is undisputed, that the general contractors were in charge of the work. They superintended it. They built the base and the subcontractor had nothing to do with its construction. They peremptorily directed the subcontractor to go on with the work when it made a suggestion that the base was defective. Under such circumstances the general contractors cannot successfully urge that the subcontractor was negligent. The following cases are of illustrative value upon this point: Gray v. Wells, 118 Cal. 11, 50 Pac. 23; McLane v. DeLeyer, 56 N. Y. 619; Vermont Street M. E. Church v. Brose, 104 Ill. 206; Duncan v. Cordley, 199 Mass. 299, 85 N. E. 160, 17 L.R.A.(N.S.) 697; Filbert, Porter & Co. v. Philadelphia, 181 Pa. St. 530, 37 Atl. 545; Note 8 L.R.A.(N.S.) 1171; Note 17 L.R.A. (N.S.) 697.

4. The general rule is that this court cannot make or amend findings of fact nor direct the trial court to make specific findings. 1 Dunnell, Minn. Dig § 434; Dunnell, Minn. Dig. Supp. § 434. But "where * * * the question whether or not a finding of fact should be amended is a question of law, this court will determine the question and direct the amendment accordingly, and thereby avoid the delay and expense of a retrial of the issues." Dwinnell v. Minneapolis F. & M. M. Ins. Co. 97 Minn. 340, 106 N. W. 312. And see First Nat. Bank of Boston v. Towle, 118 Minn. 514, 137 N. W. 291. It is upon much the same principle that a fact conclusively established, but not found, is some-

times assumed to be as proved. Menzel v. Tubbs, 51 Minn. 364, 53 N. W. 653, 1017, 17 L.R.A. 815; Lovejoy v. Howe, 55 Minn. 353; 57 N. W. 57. Evidence and findings of negligence on the part of the subcontractor are important only in preventing or reducing a recovery; and we need not inquire what would be the effect of negligence properly found. The issue as to negligence has been tried. The parties have made their record upon this issue and it is complete. There is no further evidence. There can be as a matter of law but one finding. The case is within the principle of Dwinnell v. Minneapolis F. & M. M. Ins. Co. supra. There should not be a retrial. The findings should be amended by eliminating the finding of negligence or by finding that there was no negligence.

5. The court found the amount due the subcontractor from the general contractors and adjudged such amount to be a lien upon the property of the Ford company with the usual provision as to execution against the general contractors. The Ford company is not a party respondent. It does not appear from the record whether the company appeared below or defaulted. It is unimportant. The judgment cannot be reversed or modified as to the company when it is not a party to the appeal. Frost v. St. Paul B. & I. Co. 57 Minn. 325, 59 N. W. 308; Lambert v. Scandinavian-American Bank of St. Paul, 66 Minn. 185, 68 N. W. 834; Kells v. Nelson-Tenney Lumber Co. 74 Minn. 8, 76 N. W. 790; 1 Dunnell, Minn. Dig. §§ 312, §320, and cases cited.

Upon the going down of the remittitur the court will amend its findings of fact by eliminating the finding that the Scribner-Libby Company was negligent, or by finding that it was not negligent, and amend its conclusions of law by directing a recovery against the Cameron company of the unpaid portion of the contract price, without a deduction of the $450, and it will direct a modification of the judgment accordingly; but the amount of the lien will not be changed nor the judgment modified as against the Ford company nor as to it reversed.

Judgment reversed.