# R. A. JACOBSON v. BRASIE MOTOR CAR COMPANY.[1]

April 28, 1916.

Nos. 19,782—(184).

**New trial granted.**

Certain material facts found by the trial court not being supported by the evidence, and the record containing evidence which might support the finding of other material facts, a proper result can best be reached by a new trial.

Action in the municipal court of Minneapolis to recover $240. The case was tried before Charles L. Smith, J., who made findings and ordered judgment in favor of defendant. Plaintiff's motion for amended findings was denied. From the judgment entered pursuant to the order for judgment, plaintiff appealed. Reversed and new trial ordered.

*Einar Hoidale,* for appellant.

*Frank T. White,* for respondent.

SCHALLER, J.

Action upon an express contract for services rendered by plaintiff's assignor to the defendant. Defendant is a corporation organized under the laws of this state, and commenced business on August 1, 1914. Plaintiff's assignor was one of the promoters and incorporators. Prior to the incorporation he advanced certain moneys and contracted for certain printing, all for the benefit of the corporation when organized. Another of the incorporators, Frank R. Brasie, afterwards principal stockholder and chief officer of defendant, also paid out certain amounts prior to the incorporation. After the incorporation it became apparent that no stock could be disposed of and the corporation had no funds with which to do business. Thereupon plaintiff's assignor, by mutual agreement with defendant, severed his connection with the corporation and received from Frank R. Brasie, either out of his personal funds or out

[1]Reported in 157 N. W. 645.

of the funds of the company, a certain sum of money in reimbursement for moneys advanced by him and for certain patterns which he sold to the corporation. Brasie also assumed the personal liability of plaintiff's assignor (if any), growing out of the printing contracts.

The complaint was for wages earned by plaintiff's assignor between August 1 and September 5, 1914. The answer, while admitting the employment, denied that any services were rendered, and set up an accord and satisfaction. The reply denied the accord and satisfaction.

It seems to have been conceded on the trial that services were rendered for the period of time alleged in the complaint. Testimony was introducd to support the defense of accord and satisfaction. Findings of fact were made and judgment for the defendant ordered. Plaintiff moved for amended findings, which motion was denied. Judgment was thereupon entered for the defendant. Plaintiff appeals.

There was no motion for a new trial. The learned trial court in its memorandum, made part of its order denying the motion for amended findings, states that he did not draw the findings and suggests that the evidence would warrant the finding of certain facts not found which may possibly be material in the determination of this controversy.

The finding that plaintiff's assignor had a bill against the defendant company for $20.67 for items expended on behalf of said company in the matter of the incorporation of the defendant, for which plaintiff's assignor was personally liable, is not supported by the evidence, which is far from satisfactory on this point. Nor are we satisfied that the finding that Brasie assumed the payment of a bill to the bureau of engraving (the inference being that he personally assumed the bill), can be supported. Nor can it be said that the sale of the patterns entered into the consideration for the accord and satisfaction. The findings as well as the evidence leave us in doubt as to whether payment was made by Brasie out of his own funds or on behalf of the corporation.

On the other hand there is evidence in the record which might support findings favorable to the defendant.

It is not the province of this court to make or amend findings of fact (1 Dunnell, Minn. Dig. § 434, Dunnell, Minn. Dig. Supp. § 434), nor can we assume facts to be proven except in those rare cases where they are conclusively established (Breen v. Cameron, supra, page 356, 157 N.

W. 500). The interests of justice will be best served in this case by granting a new trial.

Judgment reversed and new trial granted.