## G. E. GILBERTSON v. COUNTY OF BLUE EARTH.[1]

### March 5, 1920.

### No. 21,612.

**Contract for construction of ditch — substantial performance.**

1. Plaintiff, having contracted to construct a judicial ditch of a specified depth, width and form, and having assumed all risks from the caving in or filling up of the ditch during the period of construction, and having agreed to remedy any such defects and leave the ditch free from sand or mud, was required to have the ditch substantially of the depth, width and form specified in the contract at the time he tendered it for acceptance, and was not relieved from this obligation by the fact that an obstruction at the outlet of the ditch may have prevented the water from carrying away the sediment which washed into the ditch.

**Same — evidence of failure conclusive.**

2. Plaintiff's admission that some three miles of the ditch lacked at least a foot of having the required depth at the time he tendered it for acceptance, conclusively shows that he had not substantially performed the contract and was not entitled to recover the final payment.

**Same — exclusion of evidence.**

3. The engineer's certificate, not having been approved, was no evidence of the completion of the ditch, and, as the fact of its issuance was shown and conceded, its exclusion from evidence did not affect plaintiff's rights.

Action in the district court for Blue Earth county to recover a bal-

[1]Reported in 176 N. W. 762.

ance of $3,888 for the construction of Judicial Ditch No. 3. The answer alleged that the question of completion of the contract was theretofore adjudicated and pleaded the former proceeding as a bar to the present action. The case was tried before Comstock, J., who when plaintiff rested denied defendant's motion to dismiss the action, and at the close of the testimony motions for directed verdicts, and a jury which returned a verdict in favor of defendant. From an order denying his motion for a new trial, plaintiff appealed. Affirmed.

*S. B. Wilson,* for appellant.

*Hughes & Ellsworth, H. L. & J. W. Schmitt,* for respondent.

TAYLOR, C.

Plaintiff entered into a contract with defendant to construct Judicial Ditch No. 3 in Blue Earth county which had been established for the purpose of draining Jackson lake. The main ditch is something over five miles in length, and extends through the lake bed a distance of about four miles, and along a small creek forming the outlet of the lake a distance of a trifle over one mile. The contract provided that the ditch should be dug to the grade established by the engineer, and should be eight feet in width at the bottom and have reasonably smooth and uniform sides with a slope known as one to one. Plaintiff claims that he completed the main ditch in the fall of 1915, and completed the laterals in the early part of June, 1916. In June, 1916, he procured from the engineer a certificate to the effect that the ditch was completed and that he would be entitled to the remainder of the contract price when this certificate was approved. The court refused to approve the certificate on the ground that the work had not been fully or even substantially completed. Plaintiff, claiming that he had fully performed his contract, brought this suit to recover the unpaid balance of the contract price. The jury returned a verdict for defendant, and plaintiff appealed from an order denying a new trial.

Plaintiff dug the ditch with a floating dredge 14 feet in width. He made the top of the ditch the width specified in the contract, but made the bottom of it considerably wider, in order to accommodate his dredge, and consequently did not give the sides the slope required by the contract. Defendant claims that this resulted in the soft soil on the sides washing

down into the bottom of the ditch. Plaintiff claims that the additional width at the bottom made the ditch more, rather than less, efficient. Plaintiff claims that he dug the ditch through the lake bed a foot deeper than the contract required, and is supported in this claim by the engineer. But both he and the engineer admit that in June, 1916, when he tendered the ditch to the county as completed, it had filled in with silt and other material to such an extent that the depth at that time, for a distance of more than three miles, was a foot less than the contract required. Defendant claims that the depth was two feet less than the contract required.

While plaintiff concedes that, at the time he tendered the ditch for acceptance, it was not of the depth required by the contract through the greater part of the lake bed, he contends that he dug it to the stipulated depth, that it filled in with mud and silt afterward, and that he was relieved from the duty of removing this mud and silt because the ditch did not have a proper outlet. This contention presents the principal question in the case. It is based on the fact that the bottom of the ditch at the point where it ends is about two feet below the bottom of the creek or ravine at that point. Plaintiff claims that if the outlet had been unobstructed, the mud and silt which washed into the ditch would have been carried away by the water, instead of settling to the bottom and filling up the ditch. Defendant claims that, as the top of this obstruction was below the bottom of that part of the ditch where the "filling in" occurred, it could not have obstructed the flow of the water at that place. The court ruled that even if the "filling in" were caused by the obstruction it did not relieve plaintiff from the obligations of his contract, and excluded all evidence offered for the purpose of proving what caused the ditch to fill up. The contract contained no provision of any kind in respect to an outlet for the ditch. By the express terms of the contract, the contractor assumed all risks from the caving in or filling up of the ditch during the period of construction, and was required to remedy any such defects and to leave the ditch free from sand or mud when completed. The ruling of the court was clearly correct. The rule which relieves a contractor from liability for defects resulting from a faulty plan, invoked by plaintiff, has no application to such a situation.

The court charged the jury in substance that the contract required

plaintiff to have the ditch substantially of the depth, width and form specified therein at the time he tendered it for acceptance; that if plaintiff had the ditch substantially of such depth, width and form when he tendered it for acceptance he had substantially performed his contract and was entitled to recover; that if he did not have the ditch substantially of such depth, width and form when tendered for acceptance, he had not substantially performed his contract and was not entitled to recover. We find no error in these instructions. They were correct.

The court excluded all other questions and submitted to the jury the single question of whether plaintiff had or had not substantially performed his contract. Consequently all questions raised by plaintiff which do not bear on this issue are immaterial.

Plaintiff contends that the court erred in not receiving in evidence the certificate of the engineer to the effect that the ditch had been completed. This certificate had no bearing on the merits of the case. It had not been approved and was not evidence of anything except of its own existence. G. S. 1913, § 5541. Conceding that under Merz v. County of Wright, 114 Minn. 448, 131 N. W. 635, it was necessary to show the issuance of this certificate and its disapproval in order to maintain this suit, these facts were shown, and plaintiff had the full benefit of them, for his right to maintain the suit was fully recognized, and it was tried and determined on the merits.

We have examined the other rulings on the admission and exclusion of evidence assigned as error and find nothing which would justify a reversal.

The admitted facts show that plaintiff was not entitled to recover, and the court might well have directed a verdict for defendant. Out of abundant caution he submitted the question of substantial performance to the jury. As they reached the correct conclusion the order denying a new trial is affirmed.