## T. J. FRIEDERICK AND ANOTHER v. COUNTY OF REDWOOD, ETC.[1]

December 1, 1922.

No. 22,983.

**Liability of ditch contractor construed.**

1. Where a contractor makes an absolute and unqualified contract to perform a given undertaking, he assumes the risks attending the performance of the contract and must repair any defect which develops before the completion of the work, but where he contracts to perform a given undertaking according to prescribed plans and specifications, he fulfils his engagement by doing the prescribed work in the proscribed manner, and is not responsible for defects, unless due to some fault on his part.

**When contractor is not responsible for removal of earth after completion.**

2. Where a contractor constructs a ditch according to the plans and specifications therefor, he is not required to remove earth and silt washed into it after it was constructed, unless there be a provision in the contract to that effect.

**Former appeal law of the case.**

3. The amount per cubic yard to which plaintiffs were entitled for constructing the ditch was determined on the former appeal and the present record furnishes no ground for changing it.

After the former appeal reported in 148 Minn. 181, 181 N. W. 324, 182 N. W. 514, the case was tried before Olsen, J., who at the

[1] Reported in 190 N. W. 801.

close of the testimony denied the motion of both parties for directed verdicts, and a jury which returned a verdict in favor of defendant. From the judgment entered pursuant to the verdict, plaintiffs appealed. Reversed.

*Axel A. Eberhart*, for appellants.

*Albert H. Enersen*, for respondent.

TAYLOR, C.

Plaintiffs brought this action to recover a balance claimed to be due under a contract to construct section 1 of County Ditch No. 22 in Redwood county. This section comprised the open portion of the ditch and was 39,700 feet in length. The case was before this court on a prior appeal and is reported in 148 Minn. 181, 181 N. W. 324, 182 N. W. 514, where a statement of the facts will be found. The second trial resulted in a judgment for defendant and plaintiffs appealed.

At the second trial there was little, if any, dispute as to the material facts. The contract was made in March, 1917. Several miles of the upper part of the ditch was constructed that year and the remainder was constructed the following year. In the summer of 1918, heavy rains occurred which washed large quantities of earth and silt into the upper part of that portion of the ditch constructed in 1917. The court submitted the case to the jury on the theory that the failure of the plaintiffs to remove this earth and silt from the ditch before tendering it for acceptance precluded them from recovering, and plaintiffs' exception to the charge to that effect raises the important question presented.

Where a contractor makes an absolute and unqualified contract to construct a building or perform a given undertaking, it is the general, and perhaps universal, rule that he assumes the risks attending the performance of the contract, and must repair and make good any injury or defect which occurs or develops before the completed work has been delivered to the other party. But where he makes a contract to perform a given undertaking in accordance with prescribed plans and specifications, this rule does not apply. Under such a contract he is not permitted to vary from the prescribed

plans and specifications even if he deems them improper and insufficient; and therefore cannot be held to guarantee that work performed as required by them will be free from defects, or withstand the action of the elements, or accomplish the purpose intended. Where the contract specifies what he is to do and the manner and method of doing it, and he does the work specified in the manner specified, his engagement is fulfilled, and he remains liable only for defects resulting from improper workmanship or other fault on his part, unless there be a provision in the contract imposing some other or further obligation. Filbert v. Philadelphia, 181 Pa. St. 530, 37 Atl. 545; MacKnight Flintic Stone Co. v. Mayor, 160 N. Y. 72, 54 N. E. 661; Schliess v. City of Grand Rapids, 131 Mich. 52, 90 N. W. 700; Lamson v. City of Marshall, 133 Mich. 250, 95 N. W. 78; Bentley v. State, 73 Wis. 416, 41 N. W. 338; McConnell v. Corona City Water Co. 149 Cal. 60, 85 Pac. 929, 8 L. R. A. (N. S.) 1171; Holland v. Union Co. 68 Iowa, 56, 25 N. W. 927; Board of Commrs. v. O'Connor, 137 Ind. 622, 35 N. E. 1006, 37 N. E. 16; Roberts v. Sinnott, 55 Mont. 369, 177 Pac. 252; Adams v. Tri-State Amusement Co. 124 Va. 473, 98 S. E. 647; Novelty Mill Co. v. Heinzerling, 39 Wash. 244, 81 Pac. 742; Biegert v. Village of Maynard, 122 Minn. 126, 142 N. W. 20; St. Anthony Falls Water Power Co. v. Eastman, 20 Minn. 249 (277); Breen v. Cameron, 132 Minn. 357, 157 N. W. 500; Middelstadt v. Kostendick, 144 Minn. 319, 175 N. W. 553.

The engineer appointed by defendant as provided by statute made the survey and report on which the ditch was established, and prepared the plans and specifications and supervised and directed the work of construction. By the contract plaintiffs agreed "to dig and construct section 1 of ditch No. 22 above described in the time and manner set forth in the report of said engineer, upon which said ditch is established and according to the plans, specifications and conditions therefor on file in the office of the county auditor of said county, which plans and specifications are hereby made a part hereof, and subject to the approval of said engineer and of said county auditor."

The plans and specifications prescribed the depth and grade of the ditch throughout its entire length, its width at top and bottom, the slope of its sides, the places and manner of depositing and spreading the material removed, and required plaintiffs to construct the ditch to the line and grade given by the engineer. That plaintiffs constructed and completed the entire ditch in accordance with the plans and specifications is practically undisputed; both the engineer and the referee appointed by defendant so testified and the engineer gave plaintiffs the usual engineer's certificate to that effect. It is also undisputed that the portion of the ditch into which the heavy rain of 1918 washed earth and silt had been fully completed in accordance with the plans and specifications in the summer of 1917 and had remained in good condition for nearly a year before the damage in controversy occurred.

As remarked in the former opinion there is no provision in either the contract or the specifications requiring the contractors to remove material which should wash into the ditch after it had been dug. Defendant cannot require plaintiffs to do more than they contracted to do. They contracted to construct the ditch according to the plans and specifications furnished by defendant. They did not contract to do anything more. If the walls of the ditch when constructed as required by the contract were too steep or unstable to withstand the action of the elements, it was not the fault of plaintiffs. By constructing the ditch as prescribed in the plans and specifications they performed all that they contracted to do. The case of Gilbertson v. County of Blue Earth, 145 Minn. 236, 176 N. W. 762, is not in point, for the specifications in that case expressly provided that the contractors should remove all sediment and other material that accumulated in the ditch during the period of construction and leave the ditch free therefrom when completed.

The contract provided that plaintiffs should receive 11¼ cents per cubic yard for constructing the ditch if they completed work in the year 1917, and 9¾ cents per cubic yard if they failed to complete it in that year. It was held on the former appeal that the additional compensation to be paid if the work were completed in 1917 was in the nature of extra pay for an early completion of the work, and

that plaintiffs were entitled only to the lesser amount as they did not complete the work until October, 1918. The contract provided that plaintiffs should not be liable for delays caused by matters beyond their control, and they insist that the court should have permitted the jury to say whether they would have completed the work in 1917 but for delays caused by matters beyond their control, and whether they were entitled to the higher rate for constructing the ditch. We fail to find any new evidence in the present record which would justify changing the conclusion reached on the former appeal, and it must stand. But for the error in ruling that plaintiffs were required to remove the material washed into a completed part of the ditch after its completion, the judgment must be and is reversed.