[No. 5046-1. Division One. October 23, 1978.]

HARRY WESTON, ET AL, *Respondents,* v. NEW BETHEL MISSIONARY BAPTIST CHURCH, *Appellant,* CECIL C. POLK, ET AL, *Respondents.*

IVORY SLACK, ET AL, *Respondents,* v. NEW BETHEL MISSIONARY BAPTIST CHURCH, *Appellant,* CECIL C. POLK, ET AL, *Respondents.*

HARRY HURWITZ, ET AL, *Respondents,* v. NEW BETHEL MISSIONARY BAPTIST CHURCH, *Appellant,* CECIL C. POLK, ET AL, *Respondents.*

Farris, J., concurs in the result only.

*Julin, Fosso & Sage, Ralph W. Anderson,* and *James D. McBride,* for appellant.

*Lawrence E. Hard, Barokas & Martin, Larry L. Barokas, Richard J. Dunlap, P.S., Franklin Wohlford, Burgeson, Grenier & Associates, Robert J. Grenier, Keller, Rohrback, Waldo & Hiscock, David F. Hiscock, Douglas N. Jewett,*

*City Attorney,* and *J. Roger Nowell, Assistant,* for respondents.

DORE, J.—The plaintiffs, adjoining property owners, brought separate actions against the defendants for damages caused by the collapse of a rockery constructed on the property of New Bethel Missionary Baptist Church. The defendants are New Bethel Missionary Baptist Church (hereinafter called church), John C. Jepson, designer of the rockery (hereinafter called Jepson), Polk Construction, Ball United Landscaping, Carton & Borth, and Breda Land–scaping[1] (hereinafter called contractors), and the City of Seattle, which issued the building permits.

Plaintiffs obtained a partial summary judgment establishing liability against the church and then voluntarily dismissed the remaining defendants. The church, by way of defense, cross–complained against its codefendants for indemnity.

Subsequently the trial court granted summary judgment of dismissal as to the church's cross complaint against all cross defendants. The church appeals. We affirm.

ISSUES

ISSUE 1: Whether the trial court erred in granting defendants' summary judgment of dismissal against the church's cross complaint for indemnity.

ISSUE 2: Whether the adoption of comparative negligence in Washington mandates the application of comparative contribution as to joint tort–feasors.

---

[1]The cross complaint of New Bethel Baptist Church against Breda Landscaping was dismissed with prejudice by stipulation on March 31, 1977. Breda Landscaping is not a party to this appeal.

FACTS

In 1973 the church contracted with Jepson, a licensed structural engineer, to prepare a design for a parking lot and retaining wall to be constructed on church property. Jepson had previously been employed by the church in 1966 to prepare a design for a parking lot and a retaining wall, which was not constructed. The 1966 plans were later modified by Jepson to be in compliance with the updated Seattle Building Code. The revised plans called for a retaining wall to be constructed of reinforced concrete.

The church then applied for and received a building permit from the City of Seattle for construction of a parking lot and a reinforced concrete retaining wall based on Jepson's plans. Subsequently a city building inspector discovered that a rockery, rather than a retaining wall as designated on the approved plans, was being built. The following day a "stop work" order was issued by the City. In connection with the "stop work" order the church was advised by the City to obtain soil tests and submit revised plans for approval of the rockery. Jepson, following the church's request, then designed a 16-foot rockery which complied with the City's building code. Pacific Testing Laboratories (hereinafter called Pacific) were also retained by the church to ascertain soil tests. Pacific recommended that the fill that had been placed behind the partially constructed rockery be removed and replaced with other material which would then be compacted to certain specifications. The church, contrary to Pacific's recommendations, failed to remove, replace and compact the fill behind the rockery. In addition, the newly constructed rockery was built 22 feet high, 6 feet higher than provided in the City's permit.

Ball United Landscaping was originally hired by the church to construct the rockery. Ball worked from the fall of 1973 until early 1974 but quit when the church refused to pay him. When Ball quit, the rockery stood at a height of approximately 12 feet. In October of 1974, with the rockery 95 percent completed, the church contacted Carton

& Borth in an attempt to complete the project. Carton & Borth contend that it agreed to assist in the completion of the rockery but that its assistance was limited to the renting of trucks to haul rocks and that it performed only the work the church directed, for which it was paid on an hourly basis. All cross defendants deny they were negligent. In any event, even if the cross defendants were negligent, they contend that the church has no right of indemnity against them for the reason that the church was an active participant in the construction of the rockery.

## Decision

**Issue 1:** Summary judgment of dismissal of church's cross complaint.

As often repeated, summary judgment will only be granted when no genuine issue of a material fact exists and the moving party is entitled to judgment as a matter of law. *Balise v. Underwood,* 62 Wn.2d 195, 381 P.2d 966 (1963). The party moving for summary judgment has the burden of proving that there is no genuine issue of a material fact. *Balise v. Underwood, supra.*

In the subject case the church sought relief under the concept of common–law indemnity. *Rufener v. Scott,* 46 Wn.2d 240, 280 P.2d 253 (1955). Common–law indemnity is a recognized limited exception to the general rule in Washington which otherwise prohibits contribution among joint tort–feasors. This general rule has recently been affirmed in *Wenatchee Wenoka Growers, Ass'n v. Krack Corp.,* 89 Wn.2d 847, 576 P.2d 388 (1978), wherein the court held that the rule prohibiting claims for contribution among joint tort–feasors remains the law in Washington and prohibits claims of contribution between ordinary tort–feasors and persons liable under the no–fault concept of strict liability. *Rufener v. Scott, supra* at 242 states when a party has a right to indemnity:

It is the general rule that there is no right of indemnity between joint tort–feasors. *Duncan v. Judge,* 43 Wn.(2d) 836, 264 P.(2d) 865. However, if the tort–feasors are not

*in pari delicto,* and the negligence of one is primary or active, and the negligence of the other is passive, resulting in injury to a third person, and the one guilty of passive negligence is required to answer in damages to the third person, he is entitled to indemnity from the wrongdoer guilty of primary negligence.

Parties have been recognized as being *in pari delicto,* and, therefore, indemnity will not be allowed when "each of the tort-feasors' acts although independent concur in establishing the basis for the actual liability". *Northwestern Mut. Ins. Co. v. Stromme,* 4 Wn. App. 85, 89, 479 P.2d 554 (1971). Therefore, in order to establish a right to indemnity, the party seeking indemnity (indemnitee) must establish (1) a breach of a duty causing the plaintiff's injuries by the person against whom indemnity is sought (indemnitor), and (2) the person seeking indemnity must not have been an active participant in the acts which caused injury, *i.e.,* the indemnitee must not have been *in pari delicto* with the indemnitor.

In determining the correctness of the trial court's disposition of the church's claim for indemnity, we will examine separately the relationship between the church and the various cross defendants.

1. *Church's claim against Jepson:*

In *Wells v. Vancouver,* 77 Wn.2d 800, 467 P.2d 292 (1970), the court stated at page 803, "[A]n engineer or designer is guilty of negligence if he fails to apply the skill and learning which is required of similarly situated engineers or designers in his community."

In the subject case it is undisputed that Jepson's design for the rockery provided for a maximum height of 16 feet. The rockery that collapsed was not built in accordance with his approved plans, for when completed and prior to its collapse, the rockery was constructed at a height of 22 feet. Since Jepson's plans were not followed or relied upon, Jepson could not be guilty of negligence that caused damages to plaintiff's property. *See McGuire v. United Bhd. of Carpenters Local 470,* 50 Wn.2d 699, 314 P.2d 439 (1957);

*cf. Day v. National United States Radiator Corp.,* 241 La. 288, 128 So. 2d 660 (1961) (held architect's approval of plans for hot water boiler system which exploded and killed plaintiff's husband was not proximate cause of the explosion where subcontractor did not rely on the plans).

We conclude the church had no valid claim against Jepson.

2. *Church's claim against the City of Seattle*:

■ The City of Seattle did not owe a duty to the plaintiff (property owners) which would support the church's asserted right to indemnity. As stated in *Halvorson v. Dahl,* 89 Wn.2d 673, 676, 574 P.2d 1190 (1978):

> The traditional rule is that municipal ordinances impose a duty upon municipal officials which is owed to the *public* as a *whole,* so that a duty enforceable in tort is not owed to any particular *individual.* . . . The Court of Appeals as recently as 1976 applied this traditional rule. *Georges v. Tudor,* 16 Wn. App. 407, 556 P.2d 564 (1976).

(Citations omitted.) The court in *Halvorson v. Dahl, supra,* recognized, but declined to adopt, an emerging new rule that building and housing codes in general impose a duty upon municipalities, assertable in tort, to enforce the codes.

We hold the City of Seattle owed no duty to the plaintiffs, and the trial court correctly held the church's action against the City be dismissed.

3. *Church's claims against contractors, Polk Construction and Ball United Landscaping*:

■ It is a well established rule in Washington that when, as in the subject case, a contractor is required to build in accordance with plans and specifications furnished by the owner, it is the owner, not the contractor, who impliedly guarantees that the plans are workable and sufficient. *Armstrong Constr. Co. v. Thomson,* 64 Wn.2d 191, 390 P.2d 976 (1964) (affirming the rule of *Ericksen v. Edmonds School Dist. 15,* 13 Wn.2d 398, 125 P.2d 275 (1942)) (*see, e.g., Ward v. Pantages,* 73 Wash. 208, 131 P. 642 (1913)) (held failure of a plumbing and heating system installed by subcontractor in conformity with plans and

specifications as required by the architect would not defeat right of subcontractor to mechanics lien); *Huetter v. Warehouse & Realty Co.,* 81 Wash. 331, 142 P. 675 (1914) (contractor excused from completing contract for large fill and viaduct, whose walls collapsed during construction state, where plans and specifications prepared by contractee city's engineer were defective); *Novelty Mill Co. v. Heinzerling,* 39 Wash. 244, 81 P. 742 (1905) (contractor not liable for collapse or weakening of piers, where concrete was well tamped underwater as contract required, and where damage was caused by fault of contract in requiring that to be done); *Clark v. Fowler,* 58 Wn.2d 435, 363 P.2d 812 (1961) (contractor not a guarantor of proper functioning of furnace installed in accordance with contractee's plans and contract); *Teufel v. Wienir,* 68 Wn.2d 31, 411 P.2d 151 (1966) (contractor not liable for leak of curtain wall where wall was constructed in accordance with specifications which called for design improper for intended use); *Tyee Constr. Co. v. Pacific Northwest Bell Tel. Co.,* 3 Wn. App. 37, 472 P.2d 411 (1970) (contractor not responsible for damage to conduits for power lines resulting from operation necessary to fulfill requirements of contractee's plans).

In the subject case the plans provided the rockery was to reach a maximum height of 16 feet. When contractor Ball left the project, the rockery had reached a height of only 12 feet. It was later constructed to a height of 22 feet. The church does not contend that Ball's work did not conform to the designated plans, nor that their work failed to be performed in a workmanlike manner. As Ball was not negligent, it is clear he is not a joint tort–feasor and cannot be held responsible for indemnity to the church.

Contractor Polk did not participate in the construction of the rockery and cannot be held liable for the rockery's collapse.

4. *Church's claim against contractor Carton & Borth:*

The record indicates issues of fact as to the alleged negligence of Carton & Borth. The church contends that Carton & Borth completed the rockery and built the rockery

higher than the specifications called for in the plans. Carton & Borth deny this contention, claiming their participation in the construction was limited to 3 days in which they rented trucks to the church on an hourly basis for the purpose of hauling rocks, and all work performed was at the direction of the pastor of the church.

■ An examination of the affidavits of the church and cross defendants and the church's answers to request for admissions, overwhelmingly establishes that the church was actively engaged in the construction of the rockery. The church's counteraffidavits which state it did not exercise any control over the engineers or subcontractors are merely conclusionary and are insufficient to defeat a motion for summary judgment. *American Linen Supply v. Nursing Home Bldg. Corp.*, 15 Wn. App. 757, 551 P.2d 1038 (1976); *Reed v. Streib*, 65 Wn.2d 700, 399 P.2d 338 (1965). Even assuming negligence on the part of contractor Carton & Borth (or any of the other cross defendants), the church's active participation in the construction of the rockery bars their recovery under a theory of common–law indemnity, since the church's actions actively contributed to the establishment of tort liability.

ISSUE 2: Comparative Contribution.

Appellant argues that the legislature's enactment of the comparative negligence statute (RCW 4.22.010) mandates the application of comparative contribution is inherent in and required by a system of comparative negligence. We disagree.

■ The recent case of *Wenatchee Wenoka Growers Ass'n v. Krack Corp.*, 89 Wn.2d 847, 576 P.2d 388 (1978), is dispositive of appellant's argument, wherein it was specifically held that the inclusion of comparative negligence as part of the tort law of the State of Washington does not require the adoption of contribution between joint tort-feasors. In *Wenatchee Wenoka v. Krack Corp., supra,* the court stated at page 850:

756

In short, allowing the injured party an opportunity to recover *from* the tort–feasor (comparative negligence) and permitting an equitable distribution of damages *between* or *among* joint tort–feasors (contribution) pertain to interests wholly unrelated. Thus, we cannot agree that contribution necessarily follows as the corollary of comparative negligence.

The trial court's summary judgment of dismissal is affirmed.

PEARSON, C.J., concurs.

FARRIS, J. (concurring)—I concur in the result.

Reconsideration denied February 28, 1979.

Review denied by Supreme Court June 1, 1979.