NEWTON R. FROST *vs.* ST. PAUL BANKING & INVESTMENT Co. *et al.*

Argued May 11, 1894. Affirmed May 24, 1894.

No. 8671.

**Adverse party defined.**

The adverse party, on whom a notice of appeal is to be served, is the party, whether plaintiff or defendant, whose interests in the question sought to be raised on the appeal are adverse to the appellant's.

**The rights of parties not served with the notice of appeal can not be adjudicated here.**

So where there are several parties to the action or proceeding, some of whom are not served with the notice of appeal, the court will consider only those questions between appellant and the parties served in which the interests of those not served are not adverse to the claims of the appellant.

**A judgment as evidence.**

A judgment for the recovery of money is, as against everybody, evidence of a debt, from and after its rendition, from the judgment debtor to the judgment creditor.

**Circumstances under which stockholders' liability may be enforced.**

A judgment against a corporation and others jointly for the recovery of money is a debt of the corporation, for the purpose of enforcing against stockholders liabilities for unpaid subscriptions, and their statutory liability.

Appeal by defendants, Daniel W. Lawler and Arthur B. Ancker, from a judgment of the District Court of Ramsey County, *Charles D. Kerr*, J., entered April 21, 1893, against them and others.

The defendant, the St. Paul Banking and Investment Company, is a corporation organized September 1, 1887, under 1878 G. S. ch. 34, Title 2, to buy, improve and sell lands and to deal in stocks and securities and loan money. It rented of plaintiff, Newton R. Frost offices at Nos. 28 and 30 East Fourth street, St. Paul, for two years at $133.33 per month payable monthly in advance. Wallace J. Hope, W. H. Swinton and J. P. Frye signed the lease as sureties for the corporation. On November 13, 1889, Frost recovered judgment for $1,285.35 against the corporation and its sureties for rent and on February 11, 1891, he recovered another judgment for $567.56, for subsequent rent, against the corporation only. Executions upon both judgments were issued and returned unsatisfied. The defendants, Lawler and Ancker and ten others, were holders of stock in the corporation. Its total stock was $200,000 divided into shares of $100 each. Only forty of the shares were ever subscribed for or issued. Lawler subscribed for four shares, but paid nothing thereon. Ancker subscribed for four shares and paid in on them $200 only. The total amount paid in on the forty shares subscribed was but $580. Some of the subscribers were nonresidents of this state and had no property therein, others were insolvent. The corporation was also insolvent but owed no debts except the two judgments and a debt of $94 to the St. Paul Sash and Door Company. The plaintiff brought this action under 1878 G. S. ch. 76 against the corporation and the holders of the forty shares of stock stating these facts and asking that the property and effects of the corporation be sequestered, that a receiver be appointed, that the stockholders be severally required

to pay their unpaid subscriptions for their stock and further sums to the amount of their stock and that the two judgments and all other debts be paid from the proceeds and for such other and further relief as to the court should seem equitable. Answers were filed on behalf of the resident solvent stockholders. The St. Paul Sash and Door Company intervened and presented its claim and the issues were tried February 26, 1892; findings were made and judgment entered April 21, 1892, appointing Edward B. Graves receiver of the corporation and directing him to collect its assets and convert the same into money and to collect from the stockholders the unpaid amounts due on their stock and to report to the court. The decree further adjudged that each of the stockholders served with process in the action naming them pay to said receiver the amount owing by him upon his shares of stock, stating the amount due from each. The decree further adjudged that each of the said stockholders was liable to the receiver in a further additional sum equal to the par value of the shares of stock subscribed for and owned by him, stating the sum each was liable for. The decree further directed the receiver to report to the court the amount realized from the assets of the corporation and from unpaid subscriptions. He was also directed to report the costs and expenses and his fees and the sum necessary to pay any balance due to creditors. The decree then directed each of said stockholders to pay upon his individual liability his proportionate part of the deficit and provided that writs of execution issue from time to time under the direction of the court to enforce such payments. The stockholders, Lawler and Ancker, appealed from the judgment, but only served notice of appeal upon the plaintiff and the clerk of the trial court.

*Edmund S. Durment,* for appellants.

The judgment rolls introduced in evidence by plaintiff showing his two judgments against the corporation were not as against the stockholders evidence of indebtedness of the corporation. It is only for the indebtedness of the corporation that stockholders are liable. Those judgments, if they establish anything, establish that the indebtedness to the plaintiff was the indebtedness of the defendant corporation and three other persons, not the indebtedness of the corporation singly. Cook, Stockholders, &c., § 221.

Executions had been issued to the sheriff and he had made return on them that he could collect nothing, but the writs were not actually filed with the clerk of court until January 23, 1892, just before the trial of this action. No execution was shown to have been returned unsatisfied before this suit was commenced. In that regard plaintiff failed to show a compliance with the statute authorizing a proceeding against the stockholders. *Trippe* v. *Huncheon*, 82 Ind. 307; *Chesnut* v. *Pennell*, 92 Ill. 55; *Chandler* v. *Brown*, 77 Ill. 333; *Chase* v. *Curtis*, 113 U. S. 452; *Miller* v. *White*, 50 N. Y. 137; *McMahon* v. *Macy*, 51 N. Y. 155; *Southmayd* v. *Russ*, 3 Conn. 52.

The articles of incorporation in evidence show that the capital stock was fixed at $200,000. Only $4,000 of stock was subscribed. Defendants' subscription was therefore on its face conditional, was without consideration and not effectual as a contract until the full $200,000 should be subscribed. *Masonic Temple Ass'n* v. *Channell*, 43 Minn. 353; *Livesey* v. *Omaha Hotel Co.*, 5 Neb. 50; *Hawley* v. *Upton*, 102 U. S. 314; *Montpelier & W. R. R. Co.* v. *Langdon*, 46 Vt. 284; *Chase* v. *Sycamore, &c., R. Co.*, 38 Ill. 215; *Ft. Edward & Ft. M. P. R. Co.* v. *Payne*, 17 Barb. 567; *Evansville, &c., R. Co.* v. *Shearer*, 10 Ind. 244.

*James E. Trask*, for respondent.

This court has no jurisdiction over the subject matter of this case because the appeal is from the whole judgment, but the notice of appeal was not served on the receiver or upon the St. Paul Sash and Door Company, or upon the other stockholders, codefendants with these appellants. The service of notice of appeal upon all of the adverse parties within the time allowed for appeal is a jurisdictional prerequisite. *Grand Rapids* v. *Chicago & W. M. Ry. Co.*, 95 Mich. 473; *Stolt* v. *Chicago, M. & St. P. Ry. Co.*, 49 Minn. 353; *Tierney* v. *Dodge*, 9 Minn. 166; *Portage Lake & L. S. S. C. Co.* v. *Haas*, 20 Mich. 326.

The term "adverse party" includes everyone who is interested in the subject matter of the appeal and who will be affected by the reversal or modification of the order or judgment appealed from. It is so held in New York, where the statute is similar to our own.

*Thompson* v. *Ellsworth*, 1 Barb. Ch. 624; *Hiscock* v. *Phelps*, 2 Lans. 106; *Senter* v. *DeBernal*, 38 Cal. 637; *Estate of Medbury*, 48 Cal. 83; *Barnes* v. *Stoughton*, 6 Hun, 254; *Cotes* v. *Carroll*, 28 How. Pr. 436; *Smetters* v. *Rainey*, 14 Ohio St. 287; *Curten* v. *Atkinson*, 29 Neb. 612; *Wolf* v. *Murphy*, 21 Neb. 472; *Hendrickson* v. *Sullivan*, 28 Neb. 790; *Masterson* v. *Herndon*, 10 Wall. 416; *Williams* v. *Bank of U. S.*, 11 Wheat. 414; *Simpson* v. *Greeley*, 20 Wall. 152; *Halloran* v. *Midland R. Co.*, 129 Ind. 274; *Babcock* v. *Sanborn*, 3 Minn. 141; *Ash* v. *Ash*, 89 Ia. ——.

The only question left before the court is as to whether or not the insolvent corporation is indebted to Frost, as found and adjudged by the court below. The judgments were at least *prima facie* evidence that the debt sued upon was a debt for which the corporation was liable. *Hawes* v. *Anglo-Saxon P. Co.*, 101 Mass. 385; *Came* v. *Brigham*, 39 Me. 35; *Holyoke Bank* v. *Goodman P. Mfg. Co.*, 9 Cush. 576; *Milliken* v. *Whitehouse*, 49 Me. 527; *Burgess* v. *Seligman*, 107 U. S. 20; *Bissit* v. *Kentucky River N. Co.*, 15 Fed. Rep. 353; *Belmont* v. *Coleman*, 21 N. Y. 96; *Merchants' Bank* v. *Chandler*, 19 Wis. 434; *Henry* v. *Vermillion & A. R. Co.*, 17 Ohio, 187.

The execution and sheriff's return thereon were not filed with the clerk at the commencement of the action, but this does not change the fact that the sheriff had made his return. No question was made but that the St. Paul Banking and Investment Company was and is insolvent. This was sufficient to dispense with the return of execution as a prerequisite to the proceedings to subject the stockholders to payment of corporate debts. *Morgan* v. *Lewis*, 46 Ohio St. 1; *Hodges* v. *Silver Hill Mining Co.*, 9 Oregon, 200; *Walton* v. *Coe*, 110 N. Y. 109; *Terry* v. *Tubman*, 92 U. S. 537; *Merchants' Nat. Bank* v. *Bailey Mfg. Co.*, 34 Minn. 323.

Whatever may be the liability of appellants to the corporation, as to this plaintiff, they are shareholders. Morawetz, Corp. §§ 821–823; *Scovill* v. *Thayer*, 105 U. S. 143; Cook, Stockholders, § 192.

GILFILLAN, C. J.   Newton R. Frost, having recovered two judgments against the corporation defendant, instituted proceedings against it, under 1878 G. S. ch. 76, § 9, making these appellants and others stockholders of the corporation, codefendants, for the pur-

pose of enforcing their liability for unpaid subscriptions, and their statutory liability. Another creditor of the corporation came into the proceeding, and proved his claim. And such proceedings were had that the court entered a decree establishing the claims of Frost and of the other creditor; appointing a receiver; determining the liability of each of twelve stockholders, defendants, including appellants, on unpaid subscriptions and the amount thereof, and the statutory liability of each, and the maximum amount thereof; directing the receiver to convert the property, things in action, stock, and assets of the corporation, into money, and collect the amount for unpaid subscriptions determined to be due from each stockholder, and out of the proceeds of such sales and collections to pay the costs and disbursements in the action, the charges of executing the trust, and to pay said claims, and to make report to the court, stating the amount realized and so paid by him. And if, then, there shall remain a part of the claims unpaid, it directs that each stockholder defendant pay upon his statutory liability such proportion of the deficit as his stock bears to the aggregate par value of all the stock of all the stockholder defendants; and it also provides for a reapportionment of the amount so to be paid, if the share of one or more of the stockholders cannot be collected, by reason of insolvency.

From this decree, two of the stockholder defendants took an appeal, directing their notice only to Frost and the clerk.

The respondent moved to dismiss the appeal on the ground that the appeal, as taken, does not give this court jurisdiction to review the judgment, because all the parties to, and interested in, it, are not before the court. That motion was denied on the ground that, though the appeal is taken from the judgment generally, not from any specified portion, we can consider on the appeal any question between the appellants and respondent in which parties not served with the notice of appeal are not interested adversely to the appellants.

The statute requires the notice of appeal to be served on the adverse party. This does not mean the party adverse in position in the title to the action or proceeding. Thus, if the appellant is a defendant, the plaintiff is not necessarily the adverse party in the question sought to be raised by the appeal. A defendant may be

the adverse party, as to that question; and, for the purpose of presenting that question, he is the proper party respondent.   In this case there is but one question, between the appellants and Frost, as to which no other party is interested adversely to appellants.   The parties not served may be benefited, but cannot be prejudiced, by a decision in favor of appellants on that question.   We can hear that question on the appeal, but no other.

That relates to the proof of Frost's claims.   His judgments against the corporation were rendered before this proceeding was begun.   The question made in respect to them is, are they evidence of indebtedness of the corporation in a proceeding to enforce the liability of stockholders for unpaid subscriptions, and the statutory liability?   We have no doubt they are.   As against others than parties and their privies, a judgment (in personam, at any rate) is not evidence of the antecedent existence of the facts on which it is rendered.   But it is, as against everybody, evidence of its rendition, and of the legal consequences resulting from its rendition.   1 Greenl. Ev. § 538.   If it transfer the title of property from A. to B., it is, from and after its rendition, as fully evidence of the transfer as would be the most solemnly executed instrument between the parties.   And so, if it be for the recovery of money, it is evidence of a debt, from and after its rendition, as fully as could be any other transaction between the parties.   When it is, as against any one but the parties, used as evidence of the debt, it is, of course, subject to be impeached for fraud or collusion.

In this case, it was sufficient that a debt from the corporation to Frost existed when the proceeding was begun.   How long it existed before that is immaterial.

That one of the judgments was recovered against the corporation and others jointly makes it none the less a debt of the former.   The remedy against stockholders, either for unpaid subscriptions or on the statutory liability, is not confined to separate debts of the corporation, or those for which it alone is liable.

Judgment affirmed.

COLLINS and BUCK, JJ., took no part in the decision.

(Opinion published 59 N. W. 308.)