LUCAS KELLS v. NELSON-TENNEY LUMBER COMPANY.

October 17, 1898.

Nos. 11,426—(237).

Service of Notice of Appeal—Adverse Party—G. S. 1894, § 6134.

The adverse party, within the intent of the statute (G. S. 1894, § 6134) relating to appeals, means the party whose interest, in relation to the subject of the appeal, is in direct conflict with a reversal or modification of the order or judgment appealed from.

Insolvency—Confirmation of Sale by Assignee—Purchaser a Necessary Party to an Appeal.

A purchaser at a sale made by an assignee in insolvency, subject to the approval of the court, is a party to the proceedings resulting in an

order confirming the sale, and a necessary and adverse party to an appeal by a creditor from such order, upon whom notice of appeal must be served.

Lucas Kells, as assignee of N. P. Clarke & Co., insolvents, offered at public auction certain pine lands belonging to the insolvent estate. There being no bids received, he negotiated a sale thereof for $36,500 to the Brainerd Lumber Company, subject to the approval of the court. Upon applying to the district court for Stearns county for an order confirming the sale, certain creditors of the insolvents filed a protest against the confirmation of such sale on the ground that another bidder had made an offer of $38,000, and asked for an order confirming a sale to the latter bidder. The court, Baxter, J., confirmed the sale to the Brainerd Lumber Company. From the order of confirmation the Nelson-Tenney Lumber Company, a creditor of the insolvents, appealed. In the supreme court a motion was made to dismiss the appeal. Appeal dismissed.

*Wilson & Van Derlip*, for appellant.

*W. E. Hale* and *Charles J. Traxler*, for respondent.

START, C. J.

The assignee herein entered into a written contract with the Brainerd Lumber Company, whereby he sold to it, subject to confirmation by the court, certain pine land belonging to the trust estate. He made a written report thereof, to which was attached a copy of the contract, to the court, which made an order that creditors show cause why the sale should not be confirmed. The appellant appeared, and opposed the confirmation; but the court made its order confirming the sale, from which the appellant appealed, serving the notice thereof on the assignee, but not upon the purchaser. This is a motion to dismiss the appeal, because the purchaser was not made a party to the appeal.

G. S. 1894, § 6134, provides that an appeal shall be made by service of a notice in writing on the adverse party and the clerk of court. While an appeal is the continuation of the original action or proceeding in another jurisdiction, yet it is analogous in many respects to a writ of error, which is regarded as the beginning of a new action; and this court will consider only questions between the

appellant and the parties upon whom the notice of appeal has been served. Therefore the notice of appeal must be served on each adverse party as to whom it is sought to review, in this court, any order or judgment, although he did not appear in the proceeding or action in the district court. Frost v. St. Paul B. & Inv. Co., 57 Minn. 325, 59 N. W. 308; Oswald v. St. Paul G. Pub. Co., 60 Minn. 82, 61 N. W. 902; Lambert v. Scandinavian-American Bank, 66 Minn. 185, 68 N. W. 834. It necessarily follows that where the order appealed from is indivisible, and must be affirmed, reversed or modified as to all parties to the action or proceeding, the appeal must be dismissed if they are not all made parties to the appeal. The order in this case is such an order. It cannot be reversed as to the assignee without reversing it as to the purchaser; and if the latter is an adverse party, within the meaning of the statute, the appeal must be dismissed.

The adverse party, within the intent of the statute, means the party whose interest in relation to the subject of the appeal is in direct conflict with a reversal or modification of the order or judgment appealed from. Thompson v. Ellsworth, 1 Barb. Ch. 624; Senter v. Castro, 38 Cal. 637; Williams v. Santa Clara, 66 Cal. 193, 5 Pac. 85. The subject-matter of this appeal is the sale of the land to the purchaser, the Brainerd Lumber Company. When the district court confirmed the sale, all of the conditions of the sale had been complied with, and it became absolute. The appellant, a creditor, seeks by this appeal a reversal of the order, whereby the sale would be set aside, and the purchaser lose his bargain. Its interest is in direct conflict with a reversal of the order, and therefore it is, as to the creditor, an adverse party. Indeed, the purchaser is practically the only adverse party, for the assignee represents all of the creditors, including the appellant. He does not represent the purchaser. Their relation is that of vendor and vendee, holding each other at arm's length.

It may be suggested that the purchaser is not a party of record. The parties to the record are not always necessary parties to the appeal, nor are those who were not parties to the record, as originally made, to be overlooked in prosecuting an appeal. Elliott, App. Proc. § 153. It has accordingly been held that, on an appeal

from an order confirming a sale or denying a resale, the purchaser is a necessary party. See Barnes v. Stoughton, 6 Hun, 254; Sanders v. Wade (Ky.) 30 S. W. 656; Kitchell v. Irby, 42 Ala. 447. The purchaser in this case was, however, a party to the proceeding in which the order of confirmation was made. By entering into the contract with the assignee for the purchase of the land subject to the approval of the court, it submitted its interests to the decision of the court, and became a party to the proceedings resulting in the order. The purchaser is a necessary adverse party to an appeal from such order.

Appeal dismissed.