STATE ex rel. P. F. GERGEN v. S. A. FLAHERTY.

April 27, 1906.

Nos. 14,859—(206).

Application to the supreme court by P. F. Gergen for a writ of mandamus requiring respondent, as judge of the district court for the Sixteenth judicial district, to settle and sign a proposed case on an appeal from that court. Writ granted.

*Jones & King*, for relator.

*Douglas & Griggs*, for respondent.

PER CURIAM.

An action was commenced by plaintiff to recover possession of certain personal property which was taken by defendant, as sheriff, upon an execution levied in an action against plaintiff's husband. Henry S. Yarrow filed a com-

[1]Reported in 106 N. W. 1133.

plaint in intervention, claiming to be owner of the property. At the close of the evidence the trial court directed a verdict for plaintiff, and denied a motion of the same character made on behalf of defendant and the intervenor, whereupon defendant, upon due notice to plaintiff, presented a case in appeal to the trial court to have the same settled and allowed, which was refused upon the ground that the case had not been served upon the intervenor. The defendant thereupon applied to this court for an order requiring respondent to show cause before the court why a peremptory writ of mandamus should not issue, requiring him to allow the case.

The only question involved is whether the intervenor is an adverse party within the meaning of section 5400, G. S. 1894. We answer the question in the negative. There was no common interest between the various parties to the action. Each was contending ownership independent of each other, and, the court having ordered judgment for plaintiff, the interest of the intervenor in the property depended upon independent action by him, and unless he took steps to perfect an appeal he was bound by the judgment. Plaintiff, having prevailed, was the only party interested upon the appeal in case the judgment of the trial court should be reversed. Cases of this character are clearly distinguishable from Kells v. Nelson-Tenney Lumber Co., 74 Minn. 8, 76 N. W. 790, which was a case in insolvency and the parties were all interested in the subject-matter of the action.

Let the writ issue as prayed for, directing the respondent to settle the proposed case in accordance with the facts and sign it.