ALFRED L. THWING v. H. M. McDONALD AND OTHERS.[1]

January 11, 1918.

Nos. 20,590, 20,682.

**Appeal and error — necessary parties not served with notice of appeal.**
  1. The notice of appeal in this case was served upon plaintiff and the receiver of the defendant corporation, but not upon minority stockholders thereof who were parties defendant. The interests of these defendants in relation to the subject of the appeal are in direct conflict with a re-

[1]Reported in 165 N. W. 1065.

versal or modification of the judgment appealed from. The judgment appealed from is indivisible, and must be affirmed, reversed or modified as to all the parties to the action. The appeal must therefore be dismissed.

**Corporation — receiver — dismissal of appeal.**

2. The trial court was not without jurisdiction, by reason of the former decision in this case, to make the orders described in the opinion. As to order No. 2 the appeal is dismissed on the ground stated for dismissing the appeal from the judgment. No reversible error appears in making the other orders appealed from.

After the former appeal reported in 134 Minn. 148, 156 N. W. 780, 158 N. W. 820, the motion of defendant McDonald to amend the conclusions of law and judgment was denied. Upon the application of plaintiff and the receivers of the Minowa Company the conclusions of law, order for judgment and judgment were amended, Stanton, J. Upon the application of the receivers the court (1) fixed a time and place for hearing the claims filed against defendant company; (2) authorized the receivers to join with the minority stockholders of defendant company in making and delivering or tendering to defendant McDonald an assignment of their interest and claim and of that of defendant company in a certain sum of $1,578.70 on deposit to apply on dividends thereafter accruing to said McDonald from said receivers, and to begin certain actions to quiet title; (3) authorized the receivers to deliver to the Duluth, Missabe & Northern Railway Company a license affecting defendant company's interest in certain land; and (4) directed the receivers to pay Alfred L. Thwing his expenses and disbursements in this action.

Defendant McDonald appealed from the amended decree and from the 4 orders enumerated above. Appeal from decree and from order No. 2 dismissed. Affirmed as to the other orders.

*Mohn & Mohn* and *Harris Richardson*, for appellant.
*Thwing & Rossman* and *Alfred L. Thwing*, for respondents.

Bunn, J.

After the order of this court on the former appeal in this case, plaintiff moved the trial court for amended conclusions of law in accordance with our decision. Thwing v. McDonald, 134 Minn. 148, 156 N. W. 780,

158 N. W. 820, 159 N. W. 564. Defendant McDonald also moved for amended conclusions. Plaintiff's motion was granted, defendant's denied. Judgment was entered on the amended decision, and defendant McDonald appeals therefrom to this court. He also appeals from four orders made in the proceeding after the judgment was entered.

1. Plaintiff moved to dismiss the appeals. The ground of the motion to dismiss the appeal from the judgment, and the chief ground of the motion to dismiss the appeal as to the orders, is the failure of appellant McDonald to serve notice of appeal upon all of the adverse parties. The notice was directed to and served upon plaintiff, and upon the receivers of the Minowa Company, but no attempt was made to serve the notice upon any of the four minority stockholders, parties defendant in the action. Two of these, defendants Sanderson and Tyndall, appeared and participated in the trial of the action. Each of the defendant stockholders has a direct interest in having the judgment stand. On the former appeal the necessity of serving on these stockholders was recognized, and an argument is attempted to be made out of the fact that they did not file a brief on the former appeal, apparently trusting their interests to the attorney for plaintiff. We see no merit in this argument. Nor can we hold that the attorney for plaintiff represented these defendants. The record does not bear out the contention in this regard. As to the judgment, it is manifest that the question raised by the appeal, that is, whether the amended judgment conforms to the directions of this court on the former appeal, is not a question in which defendant McDonald and plaintiff alone are interested, but is one in the decision of which the defendants not served are equally interested with plaintiff. They are plainly parties adverse to the appellant, and are directly interested in having the judgment stand. There was no difficulty in serving these stockholders. They all reside within the state, two in Itasca county, two in Hennepin county. It is impossible to see why the case is not within the rule of Frost v. St. Paul B. & Inv. Co. 57 Minn. 325, 59 N. W. 308; Oswald v. St. Paul Globe Pub. Co. 60 Minn. 82, 61 N. W. 902; Lambert v. Scandinavian Am. Bank, 66 Minn. 185, 68 N. W. 834; Kells v. Nelson-Tenney Lumber Co. 74 Minn. 8, 76 N. W. 790. These cases hold that the notice of appeal must be served on each adverse party as to whom it is sought to review, in this court, any order or judgment,

though he did not appear in the proceeding or action in the district court. Where the order appealed from is indivisible, and must be affirmed, modified or reversed as to all parties to the action or proceeding, the appeal must be dismissed if they are not all made parties to the appeal. Kells v. Nelson-Tenney Lumber Co. supra. The judgment in the case at bar is indivisible and cannot be affirmed, modified or reversed as to plaintiff, without the same action as to the other minority stockholders, defendants in the action.

Appellant relies on Davis v. Swedish-American Nat. Bank, 78 Minn. 408, 80 N. W. 953, 81 N. W. 210, 79 Am. St. 400. The facts in the present case do not bring it within the rule of the case relied on. Rong v. Haller, 106 Minn. 454, 119 N. W. 405, is not in point. We are obliged to grant the motion to dismiss the appeal from the judgment.

2. Each of the four orders appealed from was made after the judgment was entered. We will consider each order by itself with reference to the motion to dismiss the appeal, and, where necessary, on the merits.

Order No. 1, made July 17, 1917, on application of the receivers, fixed September 20, 1917, as the time for hearing on claims against the Minowa Company, and provided that all such claims be filed within 2 months. It can hardly be said that the defendant stockholders are interested in this order adversely to the appellant. The motion to dismiss the appeal as to this order is denied. The only point made against the order is made against the others, and is clearly untenable. It is contended that the court had no right, under our decision on the former appeal, to continue the receivership, but should have discharged the receivers and turned the affairs of the corporation over to its directors. There is nothing in the former decision that forbids the court below continuing the receivership for a time, if deemed necessary or advisable for the purpose of protecting the minority stockholders. The order was within the power of the court and must be affirmed.

Order No. 2 authorized the receivers to join with the minority stockholders in making and delivering or tendering to defendant McDonald an assignment of all their claim, and all claims of the Minowa Company, in and to the sum of $1,578.70, "heretofore delivered by the Rogers Iron Mining Company to the Northern National Bank of Duluth, as depository, by order of the district court of St. Louis county, and that the

delivery or tender of such assignment may and shall be equivalent to a delivery or payment to said McDonald of the amount thereof, to apply on dividends hereafter accruing from said receivers and said McDonald, or those claiming under him." The order also directed the receivers to forthwith commence actions in the proper court or courts to quiet the title of the Minowa Company and the receivers to its property as against the adverse claims of the defendant McDonald and other adverse claimants, and authorized the receivers to pay the attorneys who should handle the prosecution of the action or actions reasonable compensation out of the funds of the Minowa Company, and to charge the amount thereof against the stock of defendant McDonald, offsetting the same against dividends on said stock.

It is clear that the minority stockholders are, as to the appeal from this order, parties adverse to the appellant. They have a direct interest in having the order stand. For the reasons stated in considering the appeal from the judgment, the appeal as to order No. 2 must be dismissed.

Order No. 3 authorized and directed the receivers to execute and deliver to and with the Duluth, Missabe & Northern Railway Company, a certain instrument of license affecting the Minowa Company's interest in certain land described. The Oliver Iron Mining Company was interested in the land as lessee. We do not see that the interests of the minority stockholders in this order are adverse to those of appellant. Another ground urged for a dismissal of the appeal as to this order is the failure to make the railway company or the mining company parties to the appeal. We do not think it is made to appear that their interests are adverse. The motion to dismiss the appeal will be denied.

We see nothing in the argument against this order that calls for a reversal thereof. The objection to the jurisdiction of the court is the same as that considered under order No. 1, and is not sustained. It does not appear, as argued, that this order authorizes the receivers to give away the property of the Minowa Company, or that it may result in long litigation. The order must be affirmed.

Order No. 4 directs the receivers to pay to plaintiff's attorney from the funds of the Minowa Company the amount of plaintiff's disbursements on the former appeal, and the amount of the judgment for costs taxed against him on that appeal. The motion to dismiss the appeal as to this

order is denied. We are of the opinion that the order may be sustained on the theory that plaintiff's suit was in the interest of the corporation. If the corporation had been the actual plaintiff, it would not be material that its payment of disbursements affected the interests of the appellant as a stockholder.

The appeal from the judgment is dismissed. The appeal from the orders is dismissed as to order No. 2. The other orders appealed from are affirmed.