### HENRY RENDAHL v. D. A. HALL AND OTHERS.[1]

November 7, 1924.

No. 24,227.

**Necessary party to appeal—appeal will not be dismissed where there should be affirmance on merits.**

1. A party whose interests would be adversely affected by the reversal of an order should be made a party to the appeal therefrom, but, if there must be an affirmance on the merits, a motion to dismiss the appeal will not be granted.

**Repairs by life tenant—improvements by life tenant.**

2. A life tenant in possession must make such ordinary repairs as are necessary to preserve the property, but is under no duty to improve the property. If he makes improvements, he cannot compel the remaindermen to reimburse him.

**Destruction of buildings by fire—insurance of them by life tenant.**

3. A life tenant is under no duty to replace buildings accidentally destroyed by fire. He may insure the buildings for his own protection and collect the amount received from the insurance company in settlement of a loss.

[1]Reported in 200 N. W. 744, 200 N. W. 940.

**When estate of remaindermen is chargeable with mechanic's lien.**

    4. If he permits the representative of the remaindermen to receive a portion of the money so paid, after obtaining the promise of the representative that the remaindermen will complete necessary repairs, and the promise is not kept and the life tenant has the repairs made and a lien is filed for the value thereof, the remaindermen's estate, as well as the life estate, is chargeable with the lien.

Action in the district court for Hennepin county to foreclose a mechanic's lien and for an attorney's fee. The case was tried before Nye, J., who made findings and ordered judgment in favor of plaintiff. From an order denying their motion for a new trial D. A. Hall, as administrator de bonis non of estate of R. O. Hall, deceased, and others and remaindermen appealed. Affirmed.

    *Peter F. Schroeder,* for appellants.
    *John A. Nordin,* for respondent.

LEES, C.

At the time of his death, R. O. Hall, then a resident of Becker county, was the owner of a dwelling house in the city of Minneapolis. He left a will under which his widow took an estate for life in the property, with remainder to the children and one grandchild of the testator. The widow took possession of the property, procured a policy of fire insurance covering it and paid the premium. The policy ran to the R. O. Hall estate. A fire occurred and the loss was adjusted at $1,935.80, the adjustment being made in the manner hereinafter stated.

Fred Hall, one of the devisees, was the executor of his father's will, and Peter F. Schroeder was the executor's attorney. In March, 1922, Mr. Schroeder, accompanied by D. A. Hall, a brother of the executor, came to Minneapolis to adjust the fire loss with the insurance company. At the direction of the widow, the house had been partially repaired at an expense of $1,200 or more. Under some arrangement with Mr. Schroeder and D. A. Hall, the bills were paid out of the money received from the insurance company. The remainder was kept by Mr. Schroeder pursuant to an agreement with the widow that certain additional necessary repairs would be

made and paid for out of this money. Thereafter the widow repeatedly requested that the additional repairs be made, and finally gave notice that, unless the work was begun before a certain date, she would have it done. Shortly after the date specified, she employed the plaintiff to make the repairs here in question. They were made at a cost which is less than the sum retained under the agreement already mentioned.

In the meantime Fred Hall had resigned as executor and on November 6, 1922, three days after plaintiff finished his work, D. A. Hall was appointed administrator de bonis non. On November 10 he notified plaintiff that his claim had just been brought to his attention and that neither he nor the remaindermen would recognize it. Thereupon plaintiff duly filed a lien statement and commenced this action to foreclose the lien. He asked that the amount due him be made a specific lien upon the title and interest of all the persons to whom the property had been devised. The court made findings in plaintiff's favor and directed that judgment be entered as demanded, and the administrator and remaindermen have appealed from an order denying their motion for a new trial. The widow did not appeal, was not served with the notice of appeal, or made a party respondent, and she has moved that the appeal be dismissed.

If the appellants prevail, only the widow's life estate will be subject to the lien, hence she has an interest in maintaining the order to be reviewed and would be adversely affected if it were reversed. In that situation it seems clear that she should have been made a party respondent. Kells v. Nelson-Tenney Lumber Co. 74 Minn. 8, 76 N. W. 790. However, since we have jurisdiction of the appeal and of the parties to it, we deem it best to dispose of the case on the merits and thus prevent the delay and expense of another appeal. In taking this course, we follow the practice approved in Oswald v. St. Paul Globe Pub. Co. 60 Minn. 82, 88, 61 N. W. 902.

The law casts upon a life tenant in possession the burden of making such ordinary repairs as are necessary to preserve the property. He receives the rents and profits derived from the use of the property and may not suffer it to go to decay for want of neces-

sary repairs any more than he may impair its value by acts of voluntary waste. St. Paul Trust Co. v. Mintzer, 65 Minn. 124, 67 N. W. 657, 32 L. R. A. 756, 60 Am. St. 444; Thompson, Real Prop. §§ 738, 758. Of course no duty rests upon him to improve the property. If he does improve it and its value is enhanced, he must pay for the improvements and cannot compel the remaindermen to reimburse him. Smalley v. Isaacson, 40 Minn. 450, 42 N. W. 352; Nordlund v. Dahlgren, 130 Minn. 462, 153 N. W. 876.

The duty to repair does not go so far as to require the life tenant to rebuild in case of the accidental destruction of buildings by fire. Rogers v. Atl. G. & P. Co. 213 N. Y. 246, 107 N. E. 661, L. R. A. 787, Ann. Cas. 1916E, 877; Thompson, Real Prop. § 761. He may take out insurance for his own protection, and, if he does, he is entitled to the proceeds of the policy in case of loss. Harrison v. Pepper, 166 Mass. 288, 44 N. E. 222, 33 L. R. A. 239, 55 Am. St. 404; Sampson v. Grogan, 21 R. I. 174, 42 Atl. 712, 44 L. R. A. 711; Spalding v. Miller, 103 Ky. 405, 45 S. W. 462.

The application of these principles leads to the following conclusions:

The fire necessitated repairs which were more than ordinary. Appellants could not have compelled the widow to make them at her own expense.

If the money received from the insurance company belongs to her, they cannot retain it and insist that her estate must bear the whole burden of repairing the damage caused by the fire.

If any portion of the money belonged to them, their right to receive it was not conceded, for the widow exacted a promise that the additional repairs would be made by the remaindermen before she allowed them to carry the money away. On the strength of the promise, they obtained a sum more than sufficient to pay for the repairs. They cannot repudiate the promise, keep the money, and insist that their interest in the property shall not be charged with the lien to the extent at least of the sum their attorney received.

The trial court disposed of the case correctly and the order is affirmed.

UPON PETITION FOR REARGUMENT.

On December 19, 1924, the following opinion was filed:

PER CURIAM.

Appellants' petition for a rehearing shows that in the opinion filed we did not succeed in clearly stating the ground upon which the decision was based.

Of course appellants' interest in the land could not be charged with the lien unless the court was justified in holding that they had authorized the making of the additional repairs. The statement of facts in the opinion is based on the findings of the trial court. One of the findings was to the effect that the work was done with the knowledge and consent of the appellants. True, there was no direct evidence of consent, but, in view of the facts mentioned in the opinion, appellants could not be heard to say that they did not consent to or authorize the additional repairs. By their conduct they must be deemed to have authorized the improvement, within the meaning of section 7024, G. S. 1913.

Petition denied.