E. B. WOLFE v. MAYER BROTHERS AND ANOTHER.[1]

April 8, 1927.

No. 25,933.

**Evidence justified recovery for use and occupation.**

1. The evidence justified recovery for use and occupation of premises tortiously taken possession of by defendants.

**Grantee of trust deed entitled to maintain action.**

2. Plaintiff, grantee in a trust deed, whose tenants were ousted by defendants, was entitled to maintain the action.

**No error in excluding evidence offered.**

3. There was no error in excluding the offered proof that, after several months' occupation by defendants, the referee, appointed in the involuntary bankruptcy proceeding against the tenants, requested one of defendants to retain possession.

**Demurrer to complaint and order overruling it eliminated on this appeal.**

4. By answering, a demurrer to the complaint previously interposed

[1]Reported in 213 N. W. 549.

and the order overruling the same are both eliminated from consideration upon an appeal after trial on the merits.

Pleading, 31 Cyc. p. 746 n. 26; p. 747 n. 32.
Trusts, 39 Cyc. p. 447 n. 45.
Use and Occupation, 39 Cyc. p. 867 n. 15, 16.

Defendants appealed from an order of the district court for Lyon county, Enersen, J., denying their motion for a new trial. Affirmed.

*Charles L. DeReu* and *Owen Rall*, for appellants.

*James H. Hall* and *A. B. Gislason*, for respondent.

HOLT, J.

Action for use and occupation of a building and lot tortiously taken possession of by defendants. Findings for plaintiff, and defendants appeal from the order denying a new trial.

The facts, as admitted by defendants on the last half of page 3 and the first half of page 4 of their brief, appear to warrant a recovery under Weaver v. Mississippi & R. R. Boom Co. 28 Minn. 542, 11 N. W. 113, provided plaintiff's ownership and right of possession to the premises were proven. We think he did so prove. His undisputed testimony was that he went into possession and took charge of the lot and store building thereon in 1922, at the time the trust deed conveying the same was delivered to him, and that he was in possession by his tenants, Webster & Claypool, when the defendant sheriff, in a suit by defendant Mayer Brothers, a corporation, on October 26, 1923, attached the goods of the tenants, ousted them from the store, and placed another lock thereon, keeping the attached goods therein. The tenants held under an oral lease from month to month. There is no evidence that the tenants or plaintiff consented to the forcible possession thus taken, although afterwards when plaintiff importuned the sheriff for rent he was assured that that matter would be taken care of. The tenancy of Webster & Claypool was apparently terminated by mutual consent when defendants levied the attachment and took possession.

It is urged that the trust deed, received in evidence over the objection of defendants, gave plaintiff, the grantee, no right to

possession, but merely authorized him to sell, convey, and receive the purchase price for certain beneficiaries. However, it is plain that after the grantors placed plaintiff in possession of the premises conveyed, and until a sale thereof could be made, he was the one to lease the same and receive the rent and, in case of a tortious taking possession by others, he should be the one to recover for the use and occupation thereof by trespassers.

In January, 1924, an involuntary petition in bankruptcy was filed against the tenants and a referee appointed. An objection to defendants' offer to prove that the referee directed the sheriff to keep the goods attached in plaintiff's building was sustained and an exception preserved. Obviously the ruling was right. The defendant sheriff retained the use of the premises up to April 1, 1924, up to which date only the recovery was had. That the sheriff continued the trespass at the bidding of the referee does not absolve him from liability to plaintiff.

The previous demurrer to the complaint and the order overruling the same were eliminated from the record, so far as any review upon appeal is concerned, by the subsequent answer interposed.

The order is affirmed.