## LAFLIN v. COMMISSIONER OF INTERNAL REVENUE (three cases).

### Nos. 4950-4952.

Circuit Court of Appeals, Seventh Circuit.
March 15, 1934.

William B. Hale and Calvin F. Selfridge, both of Chicago, Ill., for petitioner.

Pat Malloy, Asst. Atty. Gen., and Sewall Key and John MacC. Hudson, Sp. Assts. to Atty. Gen. (E. Barrett Prettyman, Gen. Counsel, Bureau of Internal Revenue, of Washington, D. C., and R. N. McMillan, Sp. Atty., Bureau of Internal Revenue, of Washington, D. C., of counsel), for respondent.

Before ALSCHULER, EVANS, and FITZHENRY, Circuit Judges.

ALSCHULER, Circuit Judge.

These appeals present the single question: Whether petitioner, out of the income to her as beneficiary under a trust created by the will of her deceased husband, was entitled to withhold from taxation an amount which she, as the trustee, annually set apart as a depreciation reserve upon a valuable commercial building in Chicago which belonged to the trust estate.

The will named petitioner as trustee upon trusts of which the parts here material appear in the margin.[1] The amounts so set apart as depreciation were invested and held by the trustee as a part of the capital assets of the trust estate.

Respondent amended petitioner's returns by including as taxable income the amounts she annually set apart for depreciation and obsolescence, which action on appeal by pe-

---

[1] "In trust to hold, manage, administer and control the trust estate until the termination of all the trusts hereby created and in so doing my said Trustee shall have full power and authority to do all and the same acts and to exercise all and the same discretion and to execute and deliver all and the same instruments which she might do, exercise and execute if she were the actual beneficial owner of the property held by her at any time in trust under the provisions of this my Will; and in trust to collect all the income, rents and profits of the trust estate and out of the same to pay all taxes and special assessments and all water rates and all other public charges of every kind and description whatsoever on all of the property belonging to the trust estate, and also all cost of insurance and all necessary and proper costs, charges and expenses of any and every kind and description whatsoever connected with or growing out of the management of the trust estate or the exercise of any of the powers conferred by this my Will on my said Trustee."

"My said wife shall be entitled to receive and retain as her own absolute property all the net income of the trust estate as long as she shall live."

titioner the B. T. A. sustained. 26 B. T. A. 136.

It is a rule of general application that the beneficiary of a trust entitled thereunder to receive the income from such property may not be required to suffer a deduction from such income for the creation of a sinking fund to provide for depreciation and obsolescence, unless, indeed, the trust instrument or the law of the state makes provision therefor. We find nothing in the trust instrument itself which would authorize the life tenant to set up such a reserve. There is the general authority to pay "all taxes and special assessments and all water rates and all other public charges of every kind and description whatsoever on all of the property belonging to the trust estate, and also all cost of insurance and all necessary and proper costs, charges and expenses of any and every kind and description whatsoever connected with or growing out of the management of the trust estate or the exercise of any of the powers conferred by this my Will on my said Trustee."

But in our judgment this does not even suggest any duty or right to set apart a sinking fund to provide for depreciation.

We do not find that the law of Illinois authorizes or requires the setting up of such a reserve as between the life tenant and the remainderman. Generally speaking, depreciation and obsolescence of such property must be borne by the latter. Hubbell v. Burnet, 46 F.(2d) 446 (C. C. A. 8); United States v. Bostwick, 94 U. S. 53, 66, 24 L. Ed. 65; Rendahl v. Hall, 160 Minn. 502, 200 N. W. 744, 940 and cases there cited; Thompson on Real Property, § 761; 21 C. J. 951, § 90.

We refer with approval to the opinion of the B. T. A., which in our judgment correctly disposes of the matter. Since publication of the Board's opinion, the Supreme Court has decided the cases of Freuler v. Helvering, Com'r, 54 S. Ct. 308, 78 L. Ed. ——, and Whitcomb v. Helvering (Jan. 8, 1934) 54 S. Ct. 315, 78 L. Ed. ——, which support this conclusion.

In Commissioner v. Freuler, 62 F.(2d) 733 (C. C. A. 8), the court, considering a similar question, held that where there is no provision in the trust instrument or the federal or state statutes allowing deduction from income on account of depreciation the deduction cannot be made. The Court of Appeals of the District of Columbia, in passing on the same question arising in the same trust, held likewise. These two cases were taken by the Supreme Court, where, in the first of them, an opinion was filed reversing the decision of the Court of Appeals. Freuler, Adm'r of Whitcomb, v. Helvering, Com'r (Jan. 8, 1934), 54 S. Ct. 308, 78 L. Ed. ——. The entire Supreme Court assumed the rule to be as stated, a minority favoring affirmance of the Court of Appeals. But the majority excepted the case from the general rule upon the ground that the Superior Court in California, in an action arising there in the same trust, had passed upon the question of the duty of the trustee to set up a reserve for depreciation of such depreciable trust property as is here involved, holding it to be the duty of the trustee to set up such a fund out of the income. The Supreme Court held that, notwithstanding there was no such requirement in the trust instrument or in the California statutes, nevertheless the decision of the California court had established the law of that state to be that a fund for depreciation of such trust property should be set up out of income, and that this holding, as applied to a California trust, was binding upon the federal courts. The Whitcomb case was likewise disposed of upon the opinion in the Freuler case. Whitcomb v. Helvering, Com'r (Jan. 8, 1934) 54 S. Ct. 315, 78 L. Ed. ——.

The order under review is affirmed.