I agree in what is said concerning the merits of respondent's claim. I agree also that on the appeal to the district court the record of the probate court could not be amended or buttressed by affidavits or even by stipulation of counsel. I cannot agree that such a showing, dehors the record, would be allowed even to identify the "adverse party" in the probate court. If the record needs any amendment on that point, or any other, it should be made, I submit, *Page 152 
by the probate judge. The record is to be settled by him and no one else.
I cannot agree in the meaning attached to the phrase "adverse party" as it appears in 2 Mason Minn. St. 1927, § 8985. What makes an "adverse party" in litigation does not depend upon the presence or absence of an actual contest. The defendant who confesses judgment in favor of the plaintiff is in respect to the plaintiff the adverse party. So also is the plaintiff getting judgment by confession the adverse party in respect to the defendant. The phrase "adverse party" has a meaning fixed by settled law. Long before our statute was enacted, the words had, and still have, in respect to writs of error and appeals, a technical significance which prevents their being construed so as to include only the parties actually opposing, in the court below, the claim of the appellant or plaintiff in error. The words include "every party whose interest in relation to the judgment and decree appealed from is in conflict with the modification or reversal sought by the appeal; * * * every party interested in sustaining the judgment or decree." 1 Wd. 
Phr. (1 ser.) 224, citing cases too numerous for further reference here. See also 1 Wd. Phr. (2 and 3 ser.).
An appeal is a continuation of the original action or proceeding in the appellate court. But "it is analogous in many respects to a writ of error, which is regarded as the beginning of a new action." Hence the appellate court can consider only questions between the appellant and the parties upon whom the notice of appeal has been served. "Therefore the notice of appeal must be served on each adverse party as to whom it is sought to review, in this court, any order or judgment, although he did not appear in the proceeding or action in the district court. * * * It necessarily follows that where the order appealed from is indivisible, and must be affirmed, reversed or modified as to all parties to the action or proceeding, the appeal must be dismissed if they are not all made parties to the appeal." Kells v. Nelson-Tenney Lbr. Co.74 Minn. 8, 9, 10, 76 N.W. 790, 791. To the same effect are Lambert v. Scandinavian-Am. Bank, 66 Minn. 185, 68 N.W. 834, and Thwing v. McDonald, 139 Minn. 157, 165 N.W. 1065. *Page 153 
This does not mean that the notice of appeal must be served on nonappearing heirs or creditors. They are represented by the executor or administrator. But it does mean, and in my opinion our holding should be, that in every case of an appeal by a creditor from an order on claims, the notice of appeal must be served on the representative. That is simply because the intention of the statute's use of "adverse party" cannot be otherwise accomplished.