## LARRY LONG AND OTHERS v. HELEN A. RYAN AND ANOTHER.[1]

August 5, 1938.

No. 31,844.

*T. J. Mangan,* for plaintiffs-appellants.

*Frank P. Ryan, S. S. Flaherty,* and *C. A. Gay,* for defendants-respondents.

PER CURIAM.

This matter comes here upon a motion to dismiss the plaintiffs' appeal for failure to join the defendant Doyle in the appeal. The suit is for an injunction to restrain the sheriff from executing a writ of restitution issued by the municipal court of the city of Morris. The litigation out of which grew the present case originated in a forcible entry and unlawful detainer action brought by Doyle against the plaintiffs in this action in the municipal court of Morris. The history of that action is not important upon this motion, but briefly it appears that when the municipal court became aware that the title to the property in controversy was in dispute it certified the case to the district court, from which it was remanded to the

[1] Reported in 281 N. W. 75.

municipal court, where Doyle secured a judgment in his favor and a writ of restitution was issued to the sheriff. Thereupon this suit was commenced against the sheriff alone, and a temporary injunction was sought to prevent the execution of the writ of restitution upon the theory that both courts lost jurisdiction by reason of the certification to the district court, which it is asserted was without authority of law. Thereupon Doyle sought and obtained an order making him a party defendant herein. This order was made and filed on May 16, 1938, and on June 9 the plaintiffs took an appeal from an order denying their application for a temporary injunction. This motion to dismiss made by both the sheriff and Doyle followed.

From the foregoing facts it will be seen that Doyle is the real party in interest in this proceeding. He was a party to the action long prior to the taking of the appeal, and a reversal of the trial court's order would vitally affect his interests, which were adverse to those of the appellants. Therefore he should have been made a party to the appeal, and without his joinder the appeal must be dismissed. Kells v. Nelson-Tenney Lbr. Co. 74 Minn. 8, 76 N. W. 790.

It is so ordered.