## C. THEO. WEILAND v. NORTHWESTERN DISTILLERIES, INC. AND ANOTHER. D. B. DAVIS, APPELLANT.[1]

September 23, 1938.

No. 31,871.

*Koon, Whelan, Hempstead & Davis,* for appellant.
*W. F. Odell,* for respondent.

PER CURIAM.

Respondent moves to dismiss the appeal on the ground that no notice of appeal has been served on the corporation defendant.

The appeal is from a judgment adjudging void as fraudulently issued to appellant 375 shares of Class B common stock of defendant corporation, and requiring appellant to surrender the same to the corporation for cancellation, and directing the latter to cancel the same. Appellant's contention on this motion is that the corporation "is a nominal party only" (Meyers v. Smith, 190 Minn. 157, 159, 251 N. W. 20) to the action, carried on by respondent in its behalf, hence that the corporation is not a necessary party to the appeal. In the Meyers case the defendant corporation might be so considered, for it was an action to recover of the individual defendants moneys of the corporation wrongfully expended or appropriated. The corporation there would not by any judgment be required to perform any act to render it effective as to the individual defendants. The instant judgment directs the corporation to cancel as void the 375 shares of stock involved. It seems to us that this part of the judgment is inseparably connected with that part which adjudicates the said shares fraudulently issued to and held by appellant and requiring him to surrender the same to the corporation for cancellation. In cases of this sort neither the trial court nor the appellate court should proceed without all parties before it whose rights the judgment affects. 1 Dunnell, Minn. Dig. (2 ed. & Supps.) § 312; Kells v. Nelson-Tenney Lbr. Co. 74

[1]Reported in 281 N. W. 364.

Minn. 8, 76 N. W. 790; Thwing v. McDonald, 139 Minn. 157, 165 N. W. 1065; Rendahl v. Hall, 160 Minn. 502, 200 N. W. 744, 940. In the last case the court disposed of the appeal on the merits so as to avoid a delay, for there was evidently time to take another appeal and serve the party not served. Here the judgment was rendered December 14, 1937, and it is no longer subject to appeal. We therefore think the appeal must be dismissed.

We also think that the errors which appellant intends to raise, according to his brief on this motion, are not available. If he was entitled to a change of venue from Scott to Hennepin county, his remedy was by *mandamus* from this court to the trial court before the trial there took place. Such is now the settled practice. The alleged error in overruling his demurrer to the complaint cannot be considered, for he availed himself of the privilege granted to answer. The answer eliminated the demurrer from the pleadings. Wolfe v. Mayer Brothers, 171 Minn. 98, 213 N. W. 549; Wismo Co. v. Martin, 186 Minn. 593, 244 N. W. 76; 5 Dunnell, Minn. Dig. (2 ed. & Supps.) § 7561a. Of course, if the complaint does not state a cause of action, objection to the introduction of any evidence and an adverse ruling thereon would present a proper question for review on appeal from the judgment, but no settled case is in this court so it is not known whether the objection was made and preserved. However, from appellant's brief on this motion it appears that the attack on the complaint was because of the absence of an allegation that respondent before suit requested the corporation to sue and that it refused. We think there is no merit in the point, for the complaint contains averments that appellant was the president and general manager of the corporation and that he by fraud and misrepresentation had obtained the issue to himself of these 375 shares of stock by virtue of which he held a majority of the voting stock of the corporation, and that hence a demand that the corporation bring suit to cancel the shares of stock so fraudulently issued to appellant would have been futile.

The appeal is dismissed.