# IN RE SALE OF LAND TO PRUDENTIAL INSURANCE COMPANY OF AMERICA.
# CITY OF MINNEAPOLIS v. ANDRUS NORMAN.[1]

March 6, 1953.

No. 36,033.

*Andrus Norman (pro se)* and *L. O. Larson,* for appellant.

*Thompson, Hessian, Fletcher & McKasy* and *Howard I. Moore,* for respondent.

DELL, JUSTICE.

This comes before us on a motion to dismiss the appeal on two grounds—(1) that the notice of appeal was not served upon the

[1] Reported in 57 N. W. (2d) 245.

Prudential Insurance Company of America who respondent claims is an adverse party upon whom service was required for an effective appeal, and (2) that the appellant, Andrus Norman, is not a party having the right to appeal since, as respondent claims, appellant has no special interest in the real estate involved here that is not common to all residents of Minneapolis.

Since appellant claims that there is insufficient information before us in order to pass on this motion, it is appropriate to state that in the consideration of the motion we properly have before us, in addition to the moving papers of respondent and appellant's answer and objections to the motion, the return from the district court of Hennepin county, which includes the objections of the appellant in the lower court; the findings and order of the court appealed from; and attached thereto as a part thereof, a copy of the contract of sale entered into between the city of Minneapolis through its board of park commissioners and said insurance company.

From these instruments it appears without dispute that on November 5, 1952, the city of Minneapolis through its board of park commissioners, acting under chapter 16 of its charter (Minneapolis City Charter and Ordinances [Perm. ed.]), entered into a written contract for the sale of real estate to the Prudential Insurance Company of America, which real estate was owned by the city and under the control and jurisdiction of its board of park commissioners. The real estate was acquired either in 1908 or 1909 as a part of the Theodore Wirth Park for park and playground purposes. Prior to the sale, the board by resolution had determined that the land was no longer necessary for park and playground purposes and had abandoned it as a part of the public park system. The resolution provided for a sale of the property to said insurance company for the sum of $190,000. The contract for sale between the city and company provided for a down payment of $5,000 with the remainder of $185,000 to be paid upon registration showing marketable title and the completion of other details which need not be set forth here. The contract contained the following:

"The authority of the District Court shall be obtained for the sale of said property by party of the first part [the city] in accordance with the Home Rule Charter of the City of Minneapolis, request for such authority to be made by party of the first part."

A petition was duly presented to the district court of Hennepin county for approval of the sale. Objections to the sale were filed by appellant as a taxpayer and resident of the city. At the hearing on December 3, 1952, the court heard all interested parties including appellant. On December 9 the court made findings that the land involved was unnecessary for park and playground purposes, that the proposed sale was of distinct advantage to the inhabitants of the city, and that no material harm to the park system would occur through the sale and entered its order approving the sale under the contract.

On December 11, 1952, written notice of the order and its entry was duly served upon all interested parties. On January 10, 1953, appellant served notice of appeal to this court from the order approving the sale upon the attorneys for the board of park commissioners acting for the city. Notice of appeal was also served upon the clerk of the district court of Hennepin county. None was served upon the Prudential Insurance Company of America.

Appellant's contention upon this motion is that the Prudential Insurance Company was not a party to the proceeding in the district court and hence it was unnecessary to serve a notice of appeal upon it. With this contention we do not agree.

M. S. A. 605.03 provides in part:

"An appeal shall be made by the service of a notice, in writing, on the adverse party, and on the clerk with whom the judgment or order appealed from is entered, stating the appeal from the same, or some specific part thereof."

When the Prudential Insurance Company of America entered into the contract with the city for the purchase of the real estate involved here and by the terms of the contract agreed that the sale to be effective should be approved by the district court, it thereby be-

came a party to the proceedings resulting in the order from which the appeal was taken. The order is indivisible. It cannot be reversed as to the city without also being reversed as to the company. By appealing, the appellant endeavors to set aside the sale and prevent the company from becoming the purchaser under the contract of sale approved by the court. The company accordingly is directly interested in having the order of the district court approving the sale affirmed. The appellant is directly interested in having it reversed. In this position the appellant and the company are adverse parties within the meaning of the statute, and therefore it was necessary for appellant to serve a notice of appeal on the company. Since appellant failed to do so, the appeal must be dismissed. Kells v. Nelson-Tenney Lbr. Co. 74 Minn. 8, 76 N. W. 790; Rendahl v. Hall, 160 Minn. 502, 200 N. W. 744, 940; Thwing v. McDonald, 139 Minn. 157, 165 N. W. 1065; Long v. Ryan, 203 Minn. 332, 281 N. W. 75; Weiland v. Northwestern Distilleries, Inc. 203 Minn. 600, 281 N. W. 364; Henderson v. Northwest Airlines, Inc. 231 Minn. 503, 43 N. W. (2d) 786.

Since the appeal is dismissed on the first ground urged by respondent, it becomes unnecessary to consider the second ground.

Appeal dismissed.